## PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY CO.
### v.
## JOSEPH GOSS.

1. NEGLIGENCE—INSTRUCTION.—Where the evidence tended to show plaintiff and his companion, employes of the stock yards, went upon a railroad track with a hand-car heavily encumbered, and started just ahead of a usual train upon the track, and that they thus negligently placed themselves in a position of danger. *Held*, that it was clearly improper for the court in an instruction to single out and limit the jury to a consideration of the conduct of plaintiff, and of the attending circumstances, after the time he discovered the approaching train and immediately preceding the accident.

2. CONTRIBUTORY NEGLIGENCE.—The court is of opinion, after a careful consideration of all the evidence, that the court below erred in not granting the motion of defendant for a new trial, as the evidence introduced in plaintiff's behalf clearly shows that he was guilty of such a degree of contributory negligence as to bar a recovery.

ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed October 23, 1883.

This suit was brought by Goss in the court below, against the railroad company, to recover damages for personal injuries received by them in a collision of a train of the latter, with a hand-car which the foreman and one Hefferman had been running ahead of such train, on the same track, and which they were endeavoring to get off the track at the time of the collision. The declaration contained four counts, and alleged various phases of negligence on the part of the railroad company. The plea of not guilty was filed, and on the trial it appeared that November 11, 1879, the plaintiff and Hefferman were in the employ of the Union Stock Yard and Transit Company; that the latter owned the railway tracks in question, which ran in a westerly direction from their stock yards, in the town of Lake, Cook county, to Brighton, a distance of about a mile; that a short distance east of Brighton, said Stock Yards Company was building a railroad bridge and plaintiff and Hefferman were engaged in that work under one Duggan, who was also in the employ of the Stock Yards Company; was yard-master and foreman over plaintiff and Hefferman, who commenced work some two or three days only before that of the accident in question; that when they began, Duggan furnished them a hand-car which was to be kept at the stock yards and to be used in going from there to the place of the new bridge, and back again; that, in putting this car under their control Duggan says that he told them to be very careful with it, one man being on one end and the other on the other, both looking each way, one looking one way and the other the other, and when they saw a train following them up to immediately take the car off and take no chances of having the train run into them, or even having the train stopped

for them.   It appears that just before seven o'clock of the morning of the accident, the plaintiff and Hefferman took the hand-car from its proper place at the stock yards, loaded it with tools to such an extent that it was impracticable to work the brake on it, and started out with it, on the track on which the usual train of defendant below (which was using the Stock Yards Company's tracks), and just ahead of that train, which consisted of five loaded box cars, being pushed westerly by a locomotive in the rear;   that in operating the hand-car the plaintiff was facing east toward the train that was following, while Hefferman was facing the other way; that plaintiff saw the train coming, and spoke to Hefferman of it, calling his attention to it; that the latter proposed to stop the hand-car immediately, and take it off the track;   that there was then sufficient distance between them and the approaching train to have enabled them to do so with safety, notwithstanding the loaded condition of the hand-car interfered with its brake; but that the plaintiff opposed stopping, saying that they could make their journey's end before the train could overtake them; and they proceeded, making the best time they could, and when within about a quarter of a mile of the place of their work, Hefferman, seeing that the train was gaining upon them, began to make signals to the train, but kept on with the hand-car, until somewhere near the end of their journey, when they stopped the hand-car;   Hefferman jumped off and pulled three of the wheels of the car off the track, but the plaintiff getting tangled some way among the tools (one being a cross-cut saw) did not get his end of the car off or himself out of the way. The train struck the hand-car, and that struck plaintiff, knocking him into the ditch, injuring one of his knees quite seri-ously, and inflicting some slight cuts and bruises on the other parts of his body.   There was evidence tending to show negligence on the part of the servants of the railroad company in charge of the train; but none tending to show that the act of running against the hand-car was willful on their part.

The jury returned a verdict for plaintiff for $965.   The court overruled defendant's motion for a new trial, gave judgment, to reverse which defendant prosecutes this writ of error.

Messrs. WILLARD & DRIGGS, for plaintiff in error; that a refusal to set aside a verdict which is against the evidence, is error, cited Booth v. Hines, 54 Ill. 363; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R'y Co. v. Troesch, 57 Ill. 155; Schwartz v. Lammers, 63 Ill. 500 ; Erich v. White, 74 Ill. 481; City of Chicago v. Lavelle, 83 Ill. 482; Belden v. Innis, 84 Ill. 78; Williams v. Reynolds, 86 Ill. 263; Blake v. McMullen, 91 Ill. 32; Dinet v. Reilly, 2 Bradwell, 316; Moore v. Mauk, 3 Bradwell, 114; C & N. W. R'y Co. v. Scheuring, 4 Bradwell, 533; Moran v. Hassett, 5 Bradwell, 98; Armour v. McFadden, 9 Bradwell, 508; Reid v. Furness, 11 Bradwell, 645; C. B. & Q. R. R. Co. v. Olson, 12 Bradwell, 245.

As to negligence: I. C. R. R. Co. v. Hammer, 72 Ill. 347; Quinn v. Donovan, 85 Ill. 194; T. W. & W. R'y Co. v. Grable, 88 Ill. 441; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; North Chicago Rolling Mill Co. v. Monka, 4 Bradwell, 664; E. St. L. P. & P. Co. v. Hightower, 92 Ill. 139; I. C. R. R. Co. v. Patterson, 93 Ill. 290; C. & N. W. R'y Co. v. Dimick, 96 Ill. 42; C. C. R'y Co. v. Lewis, 5 Bradwell, 242; City of Winchester v. Case, 5 Bradwell, 487; County Com'rs v. Reeves, 5 Bradwell, 606; C. B. & Q. R. R. Co. v. Avery, 8 Bradwell, 133; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Shearman & Redfield on Negligence, 2d ed., §§ 16, 17; Cooley on Torts, 631.

An instruction which singles out and gives undue prominence to certain facts, ignoring others proved and of equal importance in a proper determination of a case, is improper: Calef v. Thomas, 81 Ill. 478; Sinclair v. Berndt, 87 Ill. 174; C. P. & P. Co. v. Tilton, 87 Ill. 547; Am. Ins. Co. v. Crawford, 89 Ill. 62; City of Aurora v. Hillman, 90 Ill. 61; Ill. Linen Co. v. Hough, 91 Ill. 63; Protection Insurance Co. v. Dill, 91 Ill. 174; E. & W. Gravel Road Co. v. The People, 96 Ill. 584; Penn. Co. v. Stoelke, 104 Ill. 201; Shugart v. Haliday, 2 Bradwell, 45; Wright v. Bell, 5 Bradwell, 352.

Mr. R. H. WHITE, for defendant in error; that erroneous instructions will not vitiate, where substantial justice has

been done, cited Wiggins Ferry Co. v. Higgins, 72 Ill. 517; St. L. V. & T. H. R. R. Co. v. Morgan, 12 Bradwell, 256; Taylor v. D. O. & O. R. R. Co. 10 Bradwell, 311.

The rule against singling out and giving undue prominence to particular facts, applies only where there are several facts tending to prove or disprove a given proposition: Keyes v. Fuller, 9 Bradwell, 528.

McAllister, P. J. The evidence on the trial tended to show that when the plaintiff below and Hefferman went upon the railroad track, at the time in question, with a hand-car, encumbered as theirs was, and started in the manner they did, just ahead of a usual railroad train upon the same track, they carelessly and recklessly placed themselves in a position of danger.

It was a question in issue in the case whether or not the plaintiff was guilty of negligence which contributed to the injury for which he sought to recover, and if he were, what was the degree of that negligence; was it slight, ordinary or gross. Upon this question the court instructed the jury, " that, in determining the question of the degree of negligence or care on the part of the plaintiff, they have the right to take into consideration his situation, surroundings and conduct after he discovered the defendant's train approaching, and just before and at the time the accident occurred, as shown by the evidence in the case."

That instruction, in fact, limits the jury in the range of their inquiry into facts and circumstances legitimately bearing upon the question submitted. And the jury would be justified by the language used, in inferring that the court intended to exclude from their consideration all the evidence respecting the manner and circumstances of plaintiff's starting out with the hand-car, just ahead of defendant's train, which plaintiff must have known was about to start.

It was clearly improper for the court, by that instruction, to thus single out and limit the jury to a consideration of the conduct of the plaintiff and attending circumstances, after the time he discovered the approaching train, and immedi-

ately preceding the accident.    C. B. & Q. R. R. v. Colwell, 3 Bradwell, 545; Burling v. Ill. Cent. R. R. 85 Ill. 18.

We are of opinion after a careful consideration of all the evidence that the court erred in not granting the motion of defendant below for a new trial, because, in addition to the error in giving the above instruction for the plaintiff below, the evidence introduced in his own behalf clearly shows that he was guilty of such a degree of contributory negligence as to bar a recovery.

Waiving all consideration of the circumstances attending his going upon the track, he saw the train approaching at a sufficient distance away to have enabled him and Hefferman, his companion on the hand-car, to have stopped it, and taken the car off the track in safety, even encumbered as it was, before the approaching train could reach them.    Hefferman proposed doing so, but the plaintiff refused, and persisted in continuing on, not only in disregard of the instructions he had received from his superior, Duggan, but in disregard of the dictates of common prudence for his own personal safety. Chicago & N. W. R'y Co. v. Bliss, Adm'x, etc., 6 Bradwell, 411; Ill. Cent. R. R. Co. v. Modglin, 85 Ill. 481.

There was no evidence of a willful tort on the part of the persons having the management of the colliding train.    Therefore, if the plaintiff was guilty of ordinary neglect, or a want of ordinary care, such as reasonably prudent persons would exercise under the same circumstances, and there was a proximate connection between such negligence of the plaintiff and the injury complained of, the doctrine of comparative negligence could have no application to the case.    And, in the absence of evidence showing the injury to be the result of a willful tort, there could be no recovery.    C. B. & Q. R. R. v. Johnson, Adm'r, 103 Ill. 520.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.