# The Star and Crescent Milling Co.
## v.
## Thomas.

*Personal Injuries—Elevator—Conflict of Evidence—Instructions—Degree of Accuracy Required.*

1.   Where the evidence is conflicting and there is no clear preponderance, unless each instruction on behalf of the successful party was accurate and free from all error calculated to mislead the jury, the judgment must be reversed and the cause remanded.

2.   In an action by an employe of the defendant corporation to recover damages for a personal injury resulting from the fall of a freight elevator, this court holds that an instruction, which purports to direct the jury as to all the elements necessary to a recovery by the plaintiff, improperly assumed material facts in controversy and ignored essential issues of the case.

[Opinion filed August 1, 1888.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

This was an action by appellee, Thomas, against the milling company, appellant, to recover for a personal injury to the former, sustained October 4, 1884, while employed as shipping clerk at appellant's mill, and being precipitated from the second to the basement floor of said mill while in the act of descending from an upper floor thereof by means of an elevator which ran away with him, by reason, as it is alleged, of the machinery and appliances of such elevator being out of repair.

The declaration has five counts, charging negligence and breach of duty on the part of defendant, as master, toward plaintiff as servant or employe.

The plea was the general issue, and upon the trial evidence was given showing that said mill was situated just west of the dock of the south branch of the Chicago River, near railroad tracks and fronting on West Randolph Street, was five stories high, in which the defendant carried on an extensive milling

business in the manufacture of flour, etc., employing therein numerous persons who were assigned to services in particular departments of the business; that plaintiff was employed as shipping clerk, and was located for the purpose of performing the chief part of his services in a shed outside the basement of said building, having some dozen or more men under him; that he had been in such service there some thirteen months prior to his injury. The evidence shows that the defendant had provided some twelve years previously, for the purposes of their business, a freight elevator whose shaft extended from the basement floor to the upper floor of the building; that, although a freight elevator, yet many of the employes had been in the habit of using it for the mere purpose of riding in it; that there was a safe and convenient stairway between each floor from the basement up.

The evidence tended to show that the plaintiff was unacquainted with the proper manner of operating this elevator, and that the use of it by him was not required in the performance of the services he was employed to perform, and to which alone he was assigned by his employer.

Evidence was given to the effect that the elevator in question was, at the time it was put in, a reasonably safe and proper one as a freight elevator; and that about a month prior to the injury to plaintiff it was overhauled and put in repair by skillful and competent workmen. But evidence was given tending to show that for some time prior to such injury, although there was no visible or definable defect in the machinery or appliances, yet it would occasionally become unruly and the car would run away if under the control of an inexperienced person, but that it was reasonably safe as a freight elevator while under the control of one acquainted with the proper manner of managing it. The evidence tended to show notice to the foreman in charge of the mill, some time before the accident, of such tendency, aforesaid, in the elevator to run away.

And there was evidence slightly tending to prove that the plaintiff, among other employes, had been warned not to use the elevator for passenger purposes. But as to all these matters, involving the question of negligence on the part of

The Star & Crescent Milling Co. v. Thomas.

defendant, and the exercise of ordinary care on the part of plaintiff in going upon and attempting to use said' elevator, there was a conflict of evidence.   The plaintiff's own testimony tends to show that during the noon hour of October 4, 1884, he, finding that one of the men under him had left, went into the street and engaged another man, whom he wished to put in the place of a man then at work in the fifth story, and bring the latter down to his shed; so, finding the elevator car resting in the basement, rather than go up the stairs, he took the car and went up, the man taking the stairs.   When ready to come down he took the car again, but the man went down by the stairs.   Between the third and fourth floors the car began to run away with him.   He, being unacquainted with the use of the appliances provided for stopping it, made no attempt to do so, but instead sought to save himself by catching onto the edge of the floor next above the basement and was unsuccessful; the car went on and he fell to the bottom, going out onto the basement floor, and was seriously injured by the fall.

There was no direct evidence tending to show that the plaintiff was authorized by the defendant to employ the man and take him to the fifth story and put him in the place of the other man there, or that it was a necessary or probable incident to the authority which he had as such shipping clerk.

At the instance of plaintiff's counsel, the court gave to the jury the following instruction:

"If the jury believes from the evidence that the defendant was possessed of an elevator which was used by its employes in the conduct of its business; that the defendant was guilty of negligence in not keeping such elevator and its appliances in an ordinarily safe condition and state of repair, and that, by reason of such negligence of the defendant, said elevator ran away and fell with the plaintiff while he was in the performance of his duties as the defendant's servant, and as such, using the said elevator and exercising ordinary care for his own safety, as alleged in the declaration; and if the jury further believe from the evidence that, by reason of said elevator's running away and falling with the plaintiff he became confused, bewildered and frightened, through apprehension of

fatal injury or serious bodily harm, and that, in the exercise of ordinary care for his own safety, he sought to save himself by grasping, seizing and holding the edge of one of the floors abutting and adjoining the elevator shaft, and that, while striving so to save himself, he then and there instantly slipped, fell and struck upon and against the said elevator and the basement floor, and thereby received the injuries complained of in the declaration, then, under such circumstances, if found by the jury from the evidence, the plaintiff would be entitled to recover in this action, even though the jury should believe from the evidence that if he had not so grasped, seized and attempted to save himself by holding the edge of the floor as aforesaid, he might not have received said injuries."

The jury found the defendant guilty and assessed the plaintiff's damages at $5,300, and the court, overruling the defendant's motion for a new trial, gave judgment upon the verdict, and defendant brings the record to this court by appeal, assigning various errors.

Mr. Francis Adams, for appellant.

Messrs. John Gibbons and William Hoynes, for appellee.

McAllister, J. A rehearing having been granted in this case, we have re-examined it with much care, and given to it all the consideration which the severe pressure of our duties would permit.

We shall not attempt to state and discuss all the questions presented on behalf of appellant upon which error is predicated, and since a new trial must be awarded, we shall refrain from discussing the facts in any way calculated to prejudice either party upon another trial.

Under our system, no less now than before the establishment of appellate courts, such as this, the law is for the court, the facts for the jury.

After reading all the elaborate arguments, and due consideration of all the evidence, we are brought to the conclusion that, as respects two of the necessary elements of the cause of

The Star & Crescent Milling Co. v. Thomas.

action, at least, the evidence is closely conflicting and it is left doubtful which way it preponderates. In such a case it is the well established rule of the Supreme Court that, unless it shall appear that each instruction to the jury on behalf of the successful party stated the law with accuracy and was free from all error calculated to mislead the jury, the judgment must be reversed and the cause sent back for a new trial. L. S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 83, and cases cited; C., B. & Q. R. R. Co. v. Flint, 22 Ill. App. 508, and cases cited.

That rule—when applied to a case like this, where, as to indispensable elements of the cause of action, the evidence is conflicting and without any clear preponderance (which are solely matters for the jury)—is based upon sound reason, and supported by the dictates of evenhanded justice. For, if in such case the instruction improperly assumes any fact in controversy, or erroneously states the law in favor of the plaintiff, it presumptively prejudices the defendant and gives the plaintiff an indirect and undue advantage.

The court, at the instance of plaintiff's counsel, gave to the jury the instruction which is set out in our statement of the case. That instruction purports to direct the jury as to all the elements necessary to a verdict in plaintiff's favor. It begins by the assumption of material facts in controversy. " If the jury believe from the evidence that the defendant was possessed of an elevator *which was used by its employes in the conduct of its business;* that the defendant was guilty of negligence *in not keeping such elevator and its appliances in an ordinarily safe condition and state of repair,* and that by reason of such negligence of the defendant, said elevator ran away and fell with the plaintiff while he was in the performance of his duties as the defendant's servant, and as such, using said elevator and exercising ordinary care for his own safety as alleged in the declaration," etc. There is very little in that which the jury would understand to be hypothetical. It is mostly the language of assertion, of assumption of facts. It explicitly assumes that the elevator was used by defendant's employes in the conduct of its business, leaving it to be in-

ferred that the plaintiff so used it on the occasion in question, which was a matter in controversy at the trial. It assumes that the defendant did not keep the elevator and its appliances in an ordinarily safe condition and state of repair, another point in controversy on the trial. It directs the jury that plaintiff was entitled to recover if he exercised ordinary care for his own safety after he got upon, and was descending by the elevator, while it was claimed on behalf of defendant at the trial, that, upon the facts and circumstances of the case in evidence, it was gross negligence on the part of the plaintiff, who was ignorant of the proper manner of operating the elevator, to venture upon and attempt to run it, which would preclude a recovery. That was the true issue, but the instruction withdrew it wholly from the consideration of the jury. That was wrong. P. C. & St. L. R. R. v. Goss, 13 Ill. App. 619.

It contains no hypothesis of knowledge on the part of the defendant or want of knowledge on the part of the plaintiff as to the elevator being out of repair, both of which were essential to the cause of action. Beach on Contributory Neg., 351, and cases in notes.

We are also of opinion that third instruction for plaintiff was obnoxious to similar objections. But for giving that above mentioned the judgment must be reversed and the cause remanded

*Reversed and remanded.*