ANDREW MILLER, Plaintiff in Error, *v.* JACOB BEELER *et al.,* Defendants in Error.

ERROR TO MONTGOMERY.

In the description of land conveyed by deed, monuments, tangible things, capable of being identified by witnesses, must always control and supersede courses and distances.

A railroad is itself a palpable continuing monument.

In deciding upon the admissibility of testimony, this court will assume as conclusively established whatever the testimony fairly tended to prove.

THIS was an action of ejectment brought by Miller, to recover the north-east fractional quarter of section No. five, (5) in township No. eight (8) north, range five (5) west of the third principal meridian, in Montgomery county, and was submitted to the court and jury for trial at the September term, A. D. 1858. Verdict and judgment for defendants.

The case is brought to this court, and presented here upon the following agreement:

Miller *v.* Beeler et al.

STATE OF ILLINOIS, ⎱ September Term, 1858, of the Circuit Court of said
MONTGOMERY COUNTY. ⎰ County.

ANDREW MILLER, ⎫
     *vs.* ⎬ Action for Ejectment.
JACOB BEELER *et al.* ⎭

The counsel for plaintiff and defendants in the above cause agree upon the following statement of facts, admitted to be true. Said cause shall be submitted to the Supreme Court, and if that court shall decide that the Circuit Court erred in excluding certain testimony hereinafter mentioned from the jury, then the cause is to be remanded for trial *de novo* in the court below.

At the September term of the Circuit Court of Montgomery county, A. D. 1857, the above cause coming on for trial, the plaintiff claimed in his declaration, that on the first day of March, A. D. 1857, he was possessed in fee simple of the northeast fractional quarter of section No. five (5), in township eight (8) north, of range No. five (5) west of the third principal meridian in said county, and that on the first day of August, 1857, the defendants entered into and unlawfully withheld possession, etc. The general issue was pleaded. The plaintiff proved his title to the fractional quarter section above named by deeds from James Thalls and others, who derived title from the government.

The deed to Andrew Miller, from Andrews and wife, describes the tract conveyed by said deed as part of the N. E. of N. W. quarter section 2, township 8 N., range 5 W. of third principal meridian, and bounded as follows: Beginning at the N. E. corner of said tract, running thence, 40 rods west; running thence, 20 rods south; thence east, 40 rods; thence north, 20 rods, to the place of beginning, containing five acres; also, the W. half of the N. E. quarter of section five, township 8 N., of range 5 W., except seventy-five feet off of the north end of said tract, heretofore conveyed to the Terre Haute and Alton Railroad. The deed of Thalls and wife to Miller, conveying another part of the same tract, for which suit is brought, contains the same exception.

The plaintiff introduced as a witness one *Thomas Standring*, a surveyor, to prove that the north line of the land in question, which was a township line, extended north of the Terre Haute and Alton Railroad, as surveyed, located and constructed, a distance of nineteen rods and five links, and after this witness had given his testimony, the plaintiff closed his case. The defendants claimed the land in controversy in fee simple as part of the south half of section thirty-two (32), town nine (9) north, range five (5) west of the third principal meridian, of which they were the owners, and twenty-five feet of which, from

the south part thereof, had been granted to said railroad as part of its right of way.

Introduced *Thomas Gray*, a surveyor, to prove that the track of said railroad, as surveyed and located, was upon the north line of said fractional quarter section five (5), town eight (8) north, range five west.

Defendants then introduced deeds marked Exhibits "D" and "E," hereto annexed, to which plaintiff objected, but the court overruled the objections and allowed them to be read to the jury. Defendants then moved the court to exclude all the parol evidence of plaintiff from the jury tending to prove that the north line of the land in question, which is a township line, extended north of the track of the aforesaid railroad, where the same is located and constructed as in said deeds last mentioned specified. (The parties of the first part in said exhibits, or last mentioned deeds, being the parties from whom plaintiff exclusively derived his title to the lands claimed through and under those deeds.)

The court sustained the motion of defendants, and decided that plaintiff was estopped from claiming any part of said fractional quarter section of land lying north of the located line of said railroad, if any such there was in fact north of said railroad track, which railroad was located and constructed upon the line as in said exhibits or deeds designated. The court also refused to allow the plaintiff to adduce other and further parol evidence to prove that the north line of said fractional quarter section was north of said railroad track aforesaid, according to the original survey by the government; to which ruling of the court the plaintiff at the time excepted.

The jury returned a verdict of not guilty, there being no contest about land south of the railroad.

February 3, 1859; Davis & Kingsbury, attorneys for plaintiff; Gillespie & Billings, attorneys for defendants; *Andrew Miller* v. *Jacob Beeler et al.* Filed March 23rd, A. D. 1859.

ROBERT M. DAVIS, Clerk.

Copy of exhibit marked "D":

### TERRE HAUTE AND ALTON RAILROAD COMPANY.

THIS INDENTURE, Made and entered into this 23rd day of May, A. D. 1853, by and between Daniel S. Boyd and Christiana, his wife, of the county of Montgomery, and State of Illinois, of the first part, and the "Terre Haute and Alton Railroad Company," of the second part, witnesseth: That the said party of the first part, in consideration of the advantage which may or will result to the public in general, and the said party of the first part in particular, by the construction of the "Terre Haute and Alton Railroad," as also in consideration of the sum of one dollar, to the said party of the first part in hand paid by the said party of the second

part, at and before the sealing and delivery of these presents, have sold, remised, released and quit-claimed, and do, by these presents, sell, remise, release and quit-claim, unto the said party of the second part, their successors and assigns, a strip of land, seventy (70) feet in width, through and across the following described tract of land, lying in the county of ——, and State of Illinois, that is to say, north-west quarter of north-east quarter of section five, township eight north, and range five west of the third principal meridian, commencing at the north-west corner of said tract of land and running east, on the township line, eighty rods; thence south, seventy feet; thence west, eighty rods; thence north, seventy feet, to the place of beginning; the said strip of land, seventy feet in width, being the same on which the said party of the second part have surveyed and located and are about to construct their aforesaid railroad, and being fifty feet in width on each side of the centre line of said railroad, as the same has been surveyed and located; the improvements and appurtenances to the same belonging all to be excepted. To have and to hold, with the appurtenances, unto the said party of the second part, their successors and assigns, to their only proper use and behoof, forever.

In witness whereof, the said party of the first part have hereunto set their hands and seals, the day and year first above written.

DANIEL S. ⋈ BOYD.  [SEAL.]
his
mark.

CHRISTIANA ⋈ BOYD.  [SEAL.]
her
mark.

Copy of exhibit marked " E ":

### TERRE HAUTE AND ALTON RAILROAD COMPANY.

THIS INDENTURE, Made and executed this 24th day of May, A. D. 1853, by and between James Thalls and Hester D., his wife, of the county of Montgomery, and State of Illinois, of the first part, and " The Terre Haute and Alton Railroad Company," of the second part, witnesseth : That the said party of the first part, in consideration of the advantages which may or will result to the public in general, and the said party of the first part in particular, by the construction of the Terre Haute and Alton Railroad, as also in consideration of the sum of one dollar, to the said party of the first part in hand paid by the said party of the second part, at and before the sealing and delivery of these presents, have sold, remised, released and quit claimed, and do by these presents sell, remise, release and quit claim unto the said party of the second part, their successors and assigns, a strip of land seventy-five (75) feet in width, through and across the following described tract of land, lying in the county of Montgomery, and State of Illinois, that is to say : the north-east quarter of the north-east quarter of section five, in township eight north, and range five west of the third principal meridian, commencing at the north-east corner of said tract of land, and running west on the township line eighty rods ; thence south, seventy-five feet; thence east, eighty rods ; thence north, seventy-five feet, to the place of beginning; the said strip of land, seventy-five feet in width, being the same on which the said party of the second part have surveyed and located, and are about to construct their aforesaid railroad, and being fifty feet in width on each side of the centre line of said railroad, as the same has been surveyed and located, the improvements and appurtenances to the same belonging all to be excepted : To have and to hold, with the appurtenances, unto the said party of the second part, their successors and assigns, to their only proper use and behoof forever.

Miller *v.* Beeler et al.

In witness whereof, the said party of the first part have hereunto set their hands and seals the day and year first above written.

JAMES THALLS.   [SEAL.]

HESTER D. ⋈ THALLS.   [SEAL.]
her   mark.

The errors assigned are—

The court erred in admitting the deeds offered in evidence by defendants.

The court erred in not excluding the parol testimony offered by defendants, in relation to the north line of the land in question.

The court erred in deciding that the plaintiff was estopped from claiming any part of the land north of the railroad track.

The court erred in refusing to the plaintiff the privilege of introducing other and further parol evidence of the location of the north line of said land.

LOGAN & STEWART, and EDWARDS & BROWN, for Plaintiff in Error.

H. W. BILLINGS, and J. AND D. GILLESPIE, for Defendants in Error.

CATON, C. J. There would seem to be no question that the plaintiff took by his deed the whole of the premises described, except that which had been previously conveyed to the railroad company. The description in the deed to the railroad company is this : " A strip of land, seventy (70) feet in width, through and across the following described tract of land, lying in the county of ———, and State of Illinois, that is to say : north-west quarter of north-east quarter of section five, township eight north, and range five west of the third principal meridian, commencing at the north-west corner of said tract of land, and running east on the township line eighty rods ; thence south, seventy feet; thence west, eighty rods ; thence north, seventy feet, to the place of beginning ; the said strip of land, seventy feet in width, being the same on which the said party of the second part have surveyed and located, and are about to construct their aforesaid railroad, and being fifty feet in width on each side of the centre line of said railroad, as the same has been surveyed and located, the improvements and appurtenances to the same belonging all to be excepted." Now here are two descriptions, which may or may not be consistent with each other. One description is by courses and distances, thereby bounding the premises to be conveyed. The other is by reference to the actual survey and location of the railroad. The plaintiff proved that the railroad

was actually located nineteen rods and five links south of the north line of the quarter, which was a section line, thus showing that the two descriptions were of different pieces of land. And the question is, which description shall control? As before stated, there can be no doubt that the plaintiff took, and is entitled to hold, all not conveyed to the railroad. If the first description is to prevail, the railroad company did not get the land where they had located and have constructed their road, but that belongs to the plaintiff, and the railroad company own a strip near twenty rods north of their road, and upon the quarter section line. When this survey was made, and deed given, there can be no doubt that all parties were mistaken as to where the northern boundary of the quarter was. Assuming that the surveyor ran the lines upon the ground, when that deed was drawn, can there be any doubt whether he ran them where the railroad now is, or ran round a like piece of land nineteen rods north of it? The law says, that the land is conveyed, around which the surveyor actually ran the lines, and fixed his monuments. Monuments, tangible things, capable of being identified by witnesses, must always control and supersede courses and distances, which are more liable to be set down in error. No fitter case than the one before us could be desired to illustrate the truth of this proposition. This railroad is itself a palpable continuing monument, showing beyond doubt or cavil what the parties designed should be conveyed, while the evidence ruled out demonstrates that the parties were mistaken as to the real location of the north-east corner of the section, which was supposed to be at the initial point of the survey, when in fact it was not. Shall we then remove that initial point some twenty rods north of where it actually existed, in order to make it conform to a false supposition in the deed? That would be an attempt to rectify one error by the commission of another. The law requires us to reject the false description, and adhere to the true one. By doing this, we not only follow a well settled rule of law, but carry out the unquestioned intentions of the parties.

This is upon the assumption that the testimony of the surveyor Standring conclusively proved that the section line was north of the railroad; for whatever the testimony fairly tended to prove, we must assume as conclusively established, when deciding upon the admissibility of testimony.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*