## WILLIAM M. CONNELLY

*v.*

## THE PEOPLE *ex rel.* Mary E. Lewis.

1.  NEW TRIAL—*not granted where evidence is irreconcilable and instruction proper.*   The rule is well established, that where the jury has been properly instructed, and where the testimony is contradictory and irreconcilable, a new trial will not be awarded.

2.  BASTARDY—*birth of twins after complaint made.*   Where a complaint charges the defendant with being the father of a child which, when born, will be a bastard, and, subsequently, the woman making the complaint gives birth to twins, it is not erroneous to render judgment, upon conviction, for the payment of the same amount as if only one child had been born.

APPEAL from the Circuit Court of Clark county; the Hon. O. L. DAVIS, Judge, presiding.

Messrs. WHITEHEAD & JONES, Messrs. DULANEY & GOLDEN, Messrs. WILKIN & WILKIN, and Mr. J. C. ROBINSON, for the appellant.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Relatrix, being an unmarried woman, on oath, accused defendant with being the father of her child, which, when born, would be a bastard.   Subsequently, she gave birth to twins, but defendant, on conviction, was only adjudged to pay the same amount as he would have been had the mother given birth to but one child.   It is immaterial to him whether the money is appropriated to the support of one or both the children.   The judgment in this regard is entirely correct.

On the trial, two propositions were submitted to the jury: first, whether defendant was the father of the relatrix's bastard child; and, second, whether she signed the release offered in evidence. A mass of evidence, contradictory in the extreme, was given, from which the jury found defendant was the father of the bastard child of the relatrix, and that she did not sign the release of damages in evidence. Motions for a new trial, and in arrest of judgment, were entered, but overruled by the court, and from the judgment pronounced on the verdict defendant prosecutes this appeal.

We have examined the case with that care its importance demands, but we have been unable to discover any cause that would justify a reversal of the judgment. The rule is well established, that when the jury has been properly instructed, and where the testimony is contradictory and irreconcilable, a new trial will not be awarded by this court. Any other practice would invade the province of the jury, and dispense with their services altogether. A party has a legal right, under our laws, to have his case tried by a jury chosen from the body of the county, and some consideration must always be shown to the conclusion reached, otherwise such a trial is but a farce and a delusion.

Applying this principle to the case at bar, we find, on examination, the instructions given were sufficiently accurate not to have misled the jury on the true issues involved. In the main, they state the law correctly, and were such as the nature of the case required.

On both propositions submitted, the testimony is flatly contradictory. We can not undertake to say which is the better, or what testimony the jury should credit, nor on which side was the weight of the evidence. That was the peculiar province of the jury, and that duty they have performed, we must presume, with fidelity and with a sincere desire to do justice between the parties. Opportunity was afforded them, by the presence of the parties and witnesses, to judge more certainly of the weight of the evidence than we can possibly have by reading the testimony when transcribed into the record. A

clearer understanding is always obtained of the testimony from hearing it from the witnesses as it is delivered, than is ever obtained on its reproduction in writing.

There is nothing that indicates the jury were influenced by passion and prejudice. A fair and impartial trial has been awarded defendant, and that is all he had any right to expect or demand. Should credence be given to the testimony of the prosecutrix, the jury were fully warranted in finding defendant guilty. Her character was assailed in every way that was possible. Everything that tended to impeach her was arrayed against her. Neither her sex nor her unfortunate condition afforded her the slightest protection from the merciless attacks of the defense. The widest latitude was given, to produce everything that would in any degree tend to discredit her testimony. In this regard, the rulings of the court were liberal towards defendant. Yet the jury chose to believe her, and found their verdict accordingly. No reason appears for setting it aside. Should we do so, would be to assume we are the better judges of conflicting testimony.

The judgment will be affirmed.

*Judgment affirmed.*