# Elizabeth Eastman *et al.*

*v.*

## The People of the State of Illinois.

1. Exceptions and bills of exceptions—*when necessary—and effect thereof.* This court is precluded from reviewing the action of the circuit court in denying a defendant in an indictment the privilege of making a statement in person to the jury after his counsel has spoken, when the record fails to show that any exception was taken to the ruling.

2. This court, on error, must conclusively presume in all cases that a bill of exceptions speaks the facts as they really existed, and can not act upon the statements of counsel, or even upon their own personal knowledge of facts omitted in the bill of exceptions by mistake or even by fraudulent design.

3. New trial—*upon the evidence in criminal case.* A conviction of crime clearly contrary to the weight of evidence will be set aside, and more particularly if any material allegation of the indictment is not proved. But where there is conflicting evidence, and the question seems to be one of doubt, the verdict must stand, even though the court may differ from the jury as to the preponderance of the evidence.

Writ of Error to the Circuit Court of Kendall county; the Hon. Hiram H. Cody, Judge, presiding.

Mr. Benjamin F. Herrington, for the plaintiffs in error.

Mr. Albert M. Sweetland, State's Attorney, and Mr. A. J. Hopkins, for the People.

Mr. Justice Mulkey delivered the opinion of the Court:

At the January term, 1879, of the Kendall county circuit court, an indictment was prepared by the grand jury of that county against Elizabeth Eastman and Hiram Littlefield, for an assault upon one James Harman with intent to murder. At the same term of court they were tried by a jury, found guilty, and sentenced to the penitentiary for a period of two years. To reverse this judgment the accused have prosecuted this writ of error.

While the usual errors are assigned upon the record, there

are really but two reasons urged by counsel why the judgment of the court below should be reversed.

It appears, from the bill of exceptions, that after the evidence was in and the argument had been closed, with the exception of the concluding argument on behalf of the State, Elizabeth Eastman, through her counsel, made application to the court for permission to make a statement to the jury, to which the court replied "that the request was a little unusual inasmuch as three arguments had already been made by counsel for the defendants, and that Mrs. Eastman had told her story upon the stand as a witness in her own behalf, but if she had anything further that she desired to be given to the jury, by way of statement, she could communicate the same to her attorney and he could state the same to the jury." Thereupon, on consultation between her and her counsel, the latter made some further remarks on her behalf to the jury.

Admitting that this amounted to a refusal on the part of the court to permit the accused to appear in person in her own behalf, and that she was thus deprived of a constitutional right, still, upon the record before us, we can not say there was error. The record wholly fails to show that any exception was taken to the rulings of the court with respect to her application to go before the jury in person, and it therefore follows this court is precluded from reviewing the action of the court in regard to it. This is so well settled and understood by the profession that argument or citation of authority would be useless.

Counsel for plaintiffs in error, admitting the rule, seeks to avoid its application in this case by a claim that the proper exception was, in fact, taken, and a bill of exceptions showing the fact prepared by counsel for the accused and presented to the court, but that the court, instead of signing it, substituted for it a bill of exceptions prepared by the people's counsel, which was imperfect, and did not state the facts with respect to this matter.

Assuming this statement of counsel to be true, is it not manifest that to act upon it would be a departure from all

8—93 Ill.

precedent and a palpable violation of duty on the part of the court? Can there be anything more thoroughly settled and universally understood in the whole domain of the law, than that a court of review can only look at the record before it, and that in determining the rights of the parties thereto, must accept the record as an absolute verity? Even if the members of the court personally know a fact important to the rights of the parties, which by innocent mistake or fraudulent design has been omitted in making up the bill of exceptions, they would be powerless to act upon such knowledge. We must, therefore, conclusively presume, in this as in all other cases, that the bill of exceptions speaks the facts as they really exist.

The question, however, which seems to be seriously urged by counsel is, as to the sufficiency of the evidence to support the verdict of the jury. In fact, the argument on both sides consists in the main of a discussion of the facts, intermixed with strictures upon witnesses and criticisms of their testimony. The law has wisely referred the matter here discussed to the consideration of the jury that tried the cause, and their determination must be held conclusive unless it is manifestly wrong.

Wharton, in his work on Criminal Law, section 3281, 7th ed., lays down the rule in these words: "A conviction clearly contrary to the weight of evidence will be set aside, and such is more particularly the case where any of the material allegations of the indictment remained unproved. * * *. If, however, there be conflicting evidence on both sides, and the question be one of doubt, it seems the verdict will be, generally, permitted to stand, and this though the court may differ from the jury as to the preponderance of the evidence." The case before us falls precisely within the rule here laid down. It is one where the evidence is conflicting upon the general merits of the case and there is no way of reconciling it.

It was, therefore, the especial province of the jury to say whether the witnesses for the accused or for the people swore

the truth.   They have exercised this right and performed the duty which the law imposed upon them, and we are unable to say they have not done it properly and conscientiously.

The case as it went before the jury. was not complicated at all.   If the defendants swore the truth they should have been acquitted.   On the other hand, if the witnesses for the people swore the truth the defendants should have been, as they were, convicted.   The jury believed the latter witnesses.   Hence the conviction.   Can it be said that they manifestly erred in doing so ?   The defendants themselves had the strongest of motives to misrepresent the facts.   The witnesses for the people were wholly disinterested—at least nothing to the contrary is disclosed by the record.   This being so, can it be regarded as strange or unnatural that the jury reached the conclusion they did?   We think not.

In *Connelly* v. *The People*, 81 Ill. 379, there had been a conviction of the accused on a charge of bastardy, where the evidence, as in this case, was decidedly conflicting and wholly irreconcilable.   In reviewing the case in this court we said : " The rule is well established, when the jury has been properly instructed and where the testimony is contradictory and irreconcilable, a new trial will not be awarded by this court. Any other practice would invade the province of the jury and dispense with their services altogether.   *   *   *   On both propositions submitted the testimony is flatly contradictory. We can not undertake to say which is the better or what testimony the jury should credit, nor on which side was the weight of evidence.   That was the peculiar province of the jury, and that duty they have performed—we must presume with fidelity and with a sincere desire to do justice between the parties. Opportunity was afforded them, by the presence of the parties and witnesses, to judge with more certainty of the weight of evidence than we can possibly have by reading the testimony when transcribed into the record."   All we said in that case is equally applicable to this, and we could not reverse this case without utterly disregarding the principle announced in that.

We are, therefore, clearly of opinion that the court below committed no error in refusing to grant a new trial on the ground that the evidence did not sustain the verdict.

It is assigned for error that the court gave improper instructions for the people, but no special objections have been pointed out, and upon a careful reading of them we have been unable to discover any of a substantial character. The instructions as a whole fairly presented the law of the case to the jury, and upon a very careful examination of the whole record we have been unable to discover any substantial error in it.

The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*