46  124
149s 360

THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

V.

WILLIAM L. GUTHRIE, ASSESSOR, ETC.

*Taxes—Assessment of Property of Bridge Company—Description of Property by Metes and Bounds—Requirements of Statute—Mandamus.*

Where, in the assessment of the property of a bridge company the assessor employs as one monument the center of the main channel of the Mississippi river, denominated by him as the State line, and the center of a street or avenue at a point definitely fixed with reference to the center of the bridge as another monument, and then describes the property as being eighty feet in width and extending from one monument to the other, the center thereof being a line projected from the point fixed in the street north 72° 40' west to the State line or center of the main channel of the river, such description is sufficient and mandamus will not lie to compel him to state the length of the center line. Had the length been given it would have been controlled by the reference to monuments.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Hancock County; the Hon. C. J. SCOFIELD, Judge, presiding.

This was a petition for mandamus presented by the relator, The Keokuk & Hamilton Bridge Company, by its superintendent, John H. Cole, and its attorney, G. Edmunds, filed June 18, 1891, with the clerk of the Circuit Court of Hancock County, Illinois, and summons issued returnable June 25, 1891, which was duly served. The petition sets out that relator is a corporation of the States of Illinois and Iowa, duly consolidated, and owns a bridge across the Mississippi river between the cities of Keokuk, Lee County, Iowa, and Hamilton, in the town of Montebello, Hancock County, Illinois, together with the approaches; the east approach being about 700 feet in length and located in Montebello aforesaid, and the west approach being about 200 feet, located in Keokuk, Iowa; the bridge between said approaches consisting of two abutments, one at the east end of said approach in Iowa and the other at the west end of said approach in Illinois; the bridge between said abutments being 2,192 feet in length, composed of a draw, two long spans and eight short spans supported on said abutments, one pivot pier and ten ordinary piers. That said draw is 380 feet in length and is next east from the Iowa or west abutment. Next east of the draw

comes the two long spans of 257 feet each, and next east from these spans the eight short spans averaging 161 feet each, reaching the east or Illinois abutment. That the middle of the Mississippi river, at said bridge, the western boundary of Illinois and the western limit to which the assessor of the town of Montebello had authority to assess, is, as your petitioner is informed and believes, at a point in said bridge 821 feet west of the east abutment of said bridge. That the authorities of the State of Iowa assess for taxation said bridge and west approach to the middle of said river Mississippi, and that the said east approach and said bridge to the middle of said Mississippi river, a point 821 feet west from said east abutment, is subject to assessment in said town of Montebello, for taxation in Illinois. That defendant, Guthrie, for the year 1890 was, and for the year 1891 is, the assessor of said town of Montebello, for taxation in Illinois. That for the year 1890, said assessor assessed said approach and bridge in Illinois by the following description, viz.—" All the lands of the Keokuk & Hamilton Bridge Company, situated in Hancock County, Illinois, and lying and being in and on Island No. 4, in the S. W. quarter of Sec. 30, T. 5 N., R. 8 W., in said county, and extending westwardly into the Mississippi river to the State line between the States of Illinois and Iowa, and more particularly described as follows, viz.: A strip of land 80 feet wide, more or less, the center line of said strip of land commencing at a point in the center of Railroad avenue in the plat of ground known as the Keokuk & Hamilton Ferry & Manufacturing Company's addition to the city of Hamilton, in said county, 707¾ feet south 72° 40' east of the center of the east end of said bridge, thence running north 72° 40' west to the east end of said bridge; thence continuing the same course along the center line of said bridge to the State line between the States of Illinois and Iowa, including the slope walls, embankments, abutments, piers and bridge structure and improvements thereon, in Sec. 30, T. 5 N., R. 8 west "—$95,000, and proposes to assess by the same description for 1891. That in carrying out the value, said assessor in 1890 valued,

The People v. Guthrie.

carried out and assessed, against said property so described, said bridge to said draw, over 700 feet of said bridge structure located in the State of Iowa, and not subject to assessment in Illinois, but refused to state in said description what length of bridge he valued and assessed as in Illinois. That petitioner, by its superintendent, John H. Cole, on the day of June, 1891, called upon said assessor in relation to the assessment of petitioner's said bridge and approach in Illinois for the year 1891, and requested him to state in his description of the property assessed the length of bridge valued and assessed by him, but said assessor, Guthrie, refused to do so. That it is necessary said assessment should state the length of bridge valued and assessed in Illinois, to enable the owner or any court to determine whether more of said bridge is valued and assessed in Illinois than is located in this State, and subject to taxation therein or not, and prevent said bridge or any part of it being valued and assessed in both States, and your petitioner (relator) being compelled to pay double taxation on the same property.

Prayer for writ of summons to defendant to show cause why writ of mandamus should not issue commanding him to state in his description of said bridge for assessment and taxation in this State, the length of said bridge valued and assessed.

The court sustained a demurrer to this petition and refused the writ prayed for and rendered judgment against the relator for costs, from which the relator appeals to this court.

Mr. G. Edmunds, for appellants.

Mr. Frank Halbower, State's Attorney, for appellee.

Mr. Justice Boggs. Sec. 1 of an act to provide for the assessment of taxation of bridges, etc., approved May 1, 1872 (Starr & Curtis' Statute, 2d Vol., page 2124) provides :

" Such assessor shall give, in his description, the quarter section, township and range in which such bridge is located

or terminated in this State, together with the metes and
bounds of the ground occupied by such bridge and the ap-
proaches thereto from the end on the Illinois shore to the
center of the main channel of the stream crossed by the
same."

The prayer of the appellant's petition is that a per-
·emptory writ of mandamus issue commanding the assessor
to state in the description of the Keokuk and Hamilton
bridge, the length of said bridge valued and assessed by
him. The description given by the assessor is set out in full
in the statement of the case.

We understand the phrase, "metes and bounds," to mean
the boundary line or limit of the tract. This boundary line
may be pointed out and ascertained by reference to objects
either natural or artificial which are permanent in char-
acter and location, and so situated with reference to the
tract to be described that they may be conveniently used
for the purpose of indicating its extent. Such objects,
when so used in a description, are called monuments;
streams, trees, walls, fences, streets and highways or other
objects permanent in their character and location may be
referred to as monuments. 2d Amer. & Eng. Encyc. of
Law, page 500. A railroad track may be named as a mon-
ument in a deed. Miller v. Beeler, 25 Ill. 163. The "cen-
ter of the main channel of the stream," mentioned in the
statute as one of the requisites of the assessor's description
is, in the case at bar, the "boundary line of the State," or
"the State line between the States of Illinois and Iowa" as
given in the description. These terms are each the equiva-
lent of the other and in this respect the description must be
regarded as a sufficient compliance with the statute. But-
ternuth v. St. Louis Bridge Co., 120 Ill. 535. The assessor
in the description employs as one monument the center of
the main channel of the Mississippi river, denominated by
him the State line, and the center of a street or avenue at a
point definitely fixed with reference to the center of the
bridge, as another monument. The property is then de-
scribed as being eighty feet in width and extending from

one monument to the other, the center thereof being a line projected from the point fixed in the street, north 72° 40' west, to the State line or center of the main channel of the river.   The length of this line is not given, which is the ground of objection to the survey.   Had the length been given it could not serve to either lengthen or shorten the strip described.   The actual distance between the monuments would be the length of the property assessed, regardless of any statement that might be made as to the measurement or length of the line reaching from one monument to the other.   Miller v. Beeler, 25 Ill. 163;  Cottingham v. Parr, 93 Ill. 233;  2d Amer. & Eng. Encyc. of Law, 502.

"The metes and bounds of the tract are definitely fixed by locating its center line and naming the width of the tract as if the lines of its outer boundary had been given by courses and distances, and a description thus given would in a case of a discrepancy prevail over a description by courses and distances.    In the case of Miller v. Beeler, *supra*, a deed was under consideration which described the land conveyed by courses and distances, and also as "the said strip of land fifty feet in width on each side of the center line of the Terre Haute & Alton Railroad," and there being a discrepancy between the two descriptions the latter was held to prevail, on the ground that the railroad was made a monument in the description of the tract in the deed, and that as such it must control and supersede a description by courses and distances.   So in the case at bar it may be said that the bridge is made a monument, and a description given based upon its center line from the State line to its east end on the Illinois shore and from thence to the fixed point in the center of the street, which is a good description, and which, as we have seen, would prevail over a description by courses and distances if such a description had been also included.   The claim of the petitioner is that the assessor has valued and assessed a portion of the bridge beyond the boundary line of the State, that is, beyond the center of the main channel of the Mississippi river, and this it thinks would be apparent if the length of the bridge assessed was

stated in the description. But as we have seen the length if stated would not control. In any proceeding to test the fairness and legality of the assessment the question would be, is the bridge between the monuments fairly assessed? That being the case the relief asked for, if granted, would be of no practical benefit to the relator, and when this is true, a writ of mandamus is always refused. Gormley v. Day, 114 Illinois, 185, and cases there cited.

The action of the court in refusing to award the writ is affirmed.

*Affirmed.*