THOMAS ENGLAND

v.

ALFRED VANDERMARK.

*Filed at Mt. Vernon October 27, 1893.*

1. EVIDENCE—*survey under copy of field notes not properly certified.* On a trial relating to a disputed line, two witnesses were allowed to prove that they made a survey of the line from a copy of the original field notes, not certified by competent authority to be a true copy. The field notes from which they ran the lines were shown, in particulars affecting the correctness of their survey, to be a copy of the original field notes: *Held*, that as the copy used was shown to be such, and no error was shown in such copy, there was no error in permitting the evidence to go to the jury.

2. BOUNDARY—*monuments control courses and distances.* In seeking to find the true lines of lands established by the government survey, monuments, when found, must control, as against courses and distances as given on the field notes.

3. SAME—*evidence to show lines of original surveys of the public lands.* Evidence tending to show that previous surveys had been made, one of them as early as 1843, and another thirty years before the trial, in which the plaintiff disputing the line between his and the defendant's land participated and acquiesced, and that long before 1863, when the plaintiff had the line surveyed, a stone had been placed at one of the disputed corners, and had always been recognized as the true corner, is proper for the jury in determining where the line, as originally established by the government, was to be found.

4. PRACTICE IN THE SUPREME COURT—*what matters to be considered.* The ruling of the court in giving, refusing and modifying instructions must be shown by the record to have been excepted to by the party complaining, or the propriety of such ruling can not be considered by this court.

5. PRACTICE—*time of excepting to the giving of instructions.* The second clause of section 54 of the Practice act, added in the act of 1872, does not dispense with the necessity for the allowance of exceptions to the ruling of the court in giving or refusing instructions, and its formal entry into the record. Its purpose is to allow the entry of an exception to the ruling of the court on instructions at any time before final judgment.

APPEAL from the Circuit Court of Lawrence county; the Hon. W. C. JONES, Judge, presiding.

Messrs. POSTER & McGAUGHEY, for the appellant.

Mr. C. J. BORDEN, and Mr. S. B. ROWLAND, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was ejectment by appellant, to recover a strip of land containing about one acre, and for the recovery of which he depends upon a survey throwing the division line between the lands of appellant and appellee north twenty-three links at the south-west corner, and forty-five links at the south-east corner, of appellee's land. It also appears that the fence enclosing appellee's land on the east is forty-three links east of the true line, as shown by said survey. The case was tried by a jury, and resulted in verdict and judgment for defendant.

It is urged, first, that the court erred in permitting the defendant, over the objection of the plaintiff, to prove by witnesses Benefield and Mayfield that they made a survey of the disputed lines from a copy of the original field notes, but not certified, by competent authority, to be a copy. The field notes from which they ran the lines were shown, in particulars affecting the correctness of their survey, to be a copy of the original field notes. Moreover, both the certified copy used by the county surveyor in running the line claimed by appellant to be the correct line, and the copy from which Benefield established his line, were produced, and appellant had the opportunity of pointing out discrepancies, if they existed. The copy being shown to be such, there was no error in permitting the evidence to go to the jury.

It is urged that the finding of the jury is against the weight of the evidence, and the court therefore erred in not awarding a new trial. The record in this cause is so prepared that it is, in many instances, impossible for a court of review to know the pertinency and probative force of the evidence. Witnesses were permitted to testify with reference to maps and plats, before the jury, and by pointing to the same, "from here to

here," etc., undoubtedly made their evidence intelligible to the
jury; but points, courses and distances not being given, it is
impossible that it can convey an intelligent impression on
reading the record. But there is much that is intelligible, and
we have given it patient attention, and are unable to say that
the verdict is against the weight of the evidence. The ques-
tion before the jury was, which was the true line? If the line
run by the county surveyor, following courses and distances,
only, as shown by the original field notes, was the line between
the established government corners, then they had no alterna-
tive but to find for the plaintiff, otherwise, for the defendant.

The testimony of Benefield and Mayfield, showing the true
division line to be where it is claimed by appellee, is much
strengthened by their finding, as they testify, of witness trees,
answering the call of the field notes, at corners affecting the
location of the line in question. If they are correct in the
location of these witness trees, it shows Buchanan's survey,
upon which appellant relies, to have been inaccurate, and not
on the line established by the government surveyors. Monu-
ments, when found, must control, as against courses and dis-
tances as given on the field notes. (*Miller* v. *Beeler*, 25 Ill.
163; *McClintock* v. *Rogers*, 11 id. 279; *Fisher* v. *Bennehoff*,
121 id. 427.) And their testimony was further strengthened
by evidence tending to show that previous surveys had been
made,—one of them as early as 1843, and another thirty years
before the trial,—in which appellant participated and which
he recognized; and that long before 1863, when appellant
had the line surveyed, a stone had been placed at the south-
east corner of appellee's land, (one of the disputed corners,)
and had always been recognized by surveyors and others as
the true corner. None of these latter matters were conclusive,
but were proper for the consideration of the jury in determin-
ing where the line, as originally established by the govern-
ment, was to be found. We can not say they erred in finding
that the plaintiff had not shown, by a preponderance of the

evidence, that the defendant's possession intruded over the true boundary line.

It is objected that the court erred in refusing an instruction offered on behalf of plaintiff, and in giving instructions at the instance of defendant. The record is in no condition to raise this question. The instruction said to have been refused is not found in the record, and no exception was taken to the giving of instructions complained of. We have repeatedly held that the rulings of the court in giving, refusing or modifying instructions must be shown by the record to have been excepted to by the party complaining. *Leigh* v. *Hodges,* 3 Scam. 15; *Hill* v. *Ward,* 2 Gilm. 293; *Hilliard* v. *Walker,* 11 Ill. 644; *Armstrong* v. *Mock,* 17 id. 166; *McClurkin* v. *Ewing,* 42 id. 283; *Haskins* v. *Haskins,* 67 id. 446; *Burns* v. *The People,* 126 id. 282; *Steffy* v. *The People,* 130 id. 98.

The second clause of section 54 of the Practice act, first added in the act of 1872, to avoid the supposed hardship of what was said in *Leigh* v. *Hodges, supra,* to be the well settled rule,—"that exceptions to the charge of the judge should be taken at the time the charge is given and before the jury retire,"—provides that "exceptions to the giving or refusing any instruction may be entered at any time before the entry of final judgment in the case." This statute does not, however, dispense with the necessity for the allowance of an exception and its formal entry in the record, its purpose being, for convenience in practice, to allow the entry of an exception to the rulings of the court on instructions at any time before final judgment. This was not done, and, as held in the cases cited, some decided before and others since the passage of the statute, and presumably in view of it, the questions sought to be raised do not arise on this record.

We are of opinion that the case has been correctly determined on the facts, and the judgment will be affirmed.

*Judgment affirmed.*