ANTHONY MAYVILLE, Appellant, vs. CHARLES B. FRENCH
et al. Appellees.

*Opinion filed October 28, 1910.*

1. PRACTICE—*practice in suits at law applies where statute re-
quires issue of fact to be submitted to jury.* Where the statute re-
quires a question of fact to be submitted to a jury the practice in
an action at law applies, and the trial of an issue so submitted on
a contest of a will is governed by the same rules as the trial of
any issue at law before a jury.

2. SAME—*exception to ruling is essential to preserve it for re-
view.* An objection, of itself, is not sufficient to preserve any ques-
tion for review on appeal or error but there must be an exception
to the ruling; and this requirement is not a technicality nor an
invention of the courts, but is a rule created by the legislature and
is fixed by section 81 of the Practice act.

3. SAME—*decision of judge as to what occurred at trial is not
subject to review.* The trial judge being present and presiding at
the trial knows what takes place and it is his duty to settle the
bill of exceptions, and while he may resort to any available means
to aid his recollection, the means by which he reaches his conclu-
sion are no proper part of the bill of exceptions, and his decision
as to what occurred is final.

4. SAME—*alleged exceptions cannot be shown by affidavit.* Al-
leged exceptions to rulings of the court in the progress of a trial
cannot be shown by affidavit of the parties but must appear from
the bill of exceptions.

5. SAME—*an appellant should not insert exceptions in abstract
which are not in record.* An appellant should not insert alleged
exceptions in the abstract which are not shown by the bill of ex-
ceptions to have been taken.

6. SAME—*proper form of issue at law in a will contest case.*
Where there are two instruments,—the original will and a codi-
cil,—involved in a will contest case, it is preferable to submit, as
the issue of law, the question whether the two instruments to-
gether are the last will of the testatrix, and if not, whether the
original will is such last will, rather than the question whether
each instrument separately is the last will, as the jury's findings in
the latter case might be repugnant in law.

7. SAME—*exception to form of issues at law not waived by go-
ing to trial.* An exception to the form in which the issues at law

in a will contest case are submitted to the jury is not waived by the objector joining in the issues and going to trial, as he can do nothing else than proceed to trial and waives nothing by doing so.

8. SAME—*motion to direct a verdict is waived by introducing evidence.* An exception to a ruling denying a motion by the contestant, made at the close of the proponent's evidence, to instruct the jury in his favor is waived by introducing evidence after the motion is denied.

9. SAME—*motion to instruct the jury to return certain verdict should be accompanied by written instruction.* A motion, made at the close of all the evidence, to instruct the jury to return a verdict in favor of the party making the motion should be accompanied by a written instruction to that effect, otherwise the question whether the court erred in denying the motion is not reviewable.

10. SAME—*question whether there is any evidence tending to show that instrument was last will is one of law.* In a will contest case the question whether there is any evidence fairly tending to show that the instrument produced was the last will and testament of the deceased is a question of law, which, under the statute, requires an instruction in writing, if any instruction is desired.

11. SAME—*exception to overruling of a motion for new trial does not take place of exceptions on the trial.* An exception to the overruling of a motion for new trial which specifies the things complained of does not take the place of exceptions to the rulings at the time they were made during the trial.

12. SAME—*when exception to overruling of motion for a new trial is not preserved.* An exception must be taken at the time of the ruling, and if no exception to the overruling of a motion for new trial is made until after the entry of the decree, at which time an exception is taken to the action of the court in overruling the motion and entering the decree, the exception can only be considered as applying to the entry of the decree.

13. EVIDENCE—*right of non-experts to give opinions in a will contest case.* In a will contest case involving the testamentary capacity of the testator, non-expert witnesses who have known the testator a considerable time and have stated their opportunities for observation and the facts upon which their opinions are founded may give an opinion as to the testator's condition of mind.

14. SAME—*manner in which questions shall be put rests largely in discretion of court.* The manner in which questions shall be put to witnesses rests largely in the discretion of the court, and it is not a ground for reversal that some questions are leading and suggestive, if there was no injury to the appellant.

246—28

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

J. MARION MILLER, and FRED N. KEELER, for appellant.

TENNEY, COFFEEN, HARDING & SHERMAN, PEASE, SMIETANKA & POLKEY, HOLT, WHEELER & SIDLEY, HYNES & HIGGINS, WILLIAM HINDLEY, and JOHN L. SHORTALL, (HORACE KENT TENNEY, WARREN PEASE, and F. W. HENICKSMAN, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Permelia Brown died in Chicago on July 9, 1909, possessed of real and personal property and leaving a last will and testament dated December 1, 1904, and a codicil dated December 28, 1907, which were admitted to probate in the probate court of Cook county. The appellant, Anthony Mayville, her nephew, filed his bill in this case in the superior court of Cook county, setting forth the two instruments and charging that they were not executed according to law; that she was in her dotage and not of sound mind and memory and that the will was the product of undue influence exercised upon her by interested persons, and praying that the instruments be declared null and void and the probate set aside. Issues were made up and submitted to a jury, which returned a verdict that the two instruments were her last will and testament. The court entered a decree on the verdict, and an appeal was prosecuted to this court.

The assignment of errors contains numerous specifications, all of which have been argued by counsel, but upon looking into the record it appears that most of them are not subject to review for want of exceptions to the rulings of the court. Where the statute requires a question of fact

to be submitted to a jury the same practice prevails as in an action at law, and the trial of an issue so submitted on a contest of a will is governed by the same rules as the trial of any issue at law before a jury. (*Tucker* v. *Cole,* 169 Ill. 150; *Johnson* v. *Farrell,* 215 id. 542.) An objection, of itself, is insufficient to preserve any question to be reviewed on appeal or error and an exception to the ruling is essential. (*England* v. *Vandermark,* 147 Ill. 76; *Climax Tag Co.* v. *American Tag Co.* 234 id. 179.) The requirement of an exception to permit an assignment of error is neither a technicality nor an invention of the courts, but is a rule created by the legislature and is fixed by section 81 of the Practice act. The appellant presented to the trial judge a bill of exceptions showing that he had excepted to various rulings of the court during the progress of the trial on the admission and exclusion of evidence and in giving, refusing and modifying instructions, which were stricken from the bill before the same was signed. The certificate of the trial judge recites that having no recollection of or minutes concerning the alleged exceptions he requested the parties to present affidavits as to the facts, and in pursuance of the request affidavits were submitted, which are copied in the bill of exceptions. The judge, upon reading the affidavits, did not find that the exceptions were taken, and refused to allow them. Notwithstanding the decision of the judge, the appellant, in printing the abstract, interpolated exceptions in accordance with his own claim that they were taken, and upon attention being called by appellees, in their brief, to that fact, counsel for appellant, in their reply brief, contend that the alleged exceptions can be considered by reason of the affidavits and the action of the judge be reviewed in this court. The contrary is so well settled that it does not seem counsel could be ignorant of the rule. The trial judge is present and presides at the trial and knows what takes place, and it is his duty to settle the bill of exceptions. His decision as to what did occur

is final and not subject to review. (*Eastman* v. *People,* 93 Ill. 112; *People* v. *Chytraus,* 183 id. 190; *Dreyer* v. *People,* 188 id. 40.) He may resort to any available means to aid his recollection, (*People* v. *Anthony,* 129 Ill. 218; *People* v. *Chetlain,* 219 id. 248;) but the means by which he reaches his conclusion are no proper part of the bill of exceptions. The insertion in the abstract of exceptions where they do not appear in the record has caused much additional labor on the part of the court, and if attention had been called to the fact before submission of the case the abstract would not have been permitted to remain on file.

The statute provides that an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, and there were two such instruments in this case. The appellant asked the court to submit two issues: First, whether the instrument dated December 1, 1904, (the original will,) was the last will and testament of Permelia Brown; and second, whether the instrument dated December 28, 1907, (the codicil,) was her last will and testament. The appellees asked the court to submit two issues: First, whether the two instruments together were the last will and testament of Permelia Brown; and second, if not, whether the instrument dated December 1, 1904, (the original will,) was such last will and testament. The court submitted the issues proposed by the appellees, and appellant excepted. It is contended that the appellant waived his exception by joining in the issue and going to trial, but the appellant could do nothing else except to proceed and try the issue which the court compelled him to try, and he waived nothing by doing so. The jury found the two instruments to be the last will and testament of Permelia Brown, and the verdict being responsive to the first issue there was no necessity of a finding as to the second, which was conditioned upon the finding that the two together were not such last will and testament. If the issues proposed by the appellant had been submitted and the

jury had found that the original will of December 1, 1904, was not the last will and testament of Permelia Brown but had found that the codicil was, the findings would have been repugnant in the law, for if the codicil was valid it was a re-publication of the original will, and the two together constituted the last will and testament. (*Fry* v. *Morrison,* 159 Ill. 244; *Hubbard* v. *Hubbard,* 198 id. 621; *Hill* v. *Kehr,* 228 id. 204.) The form in which the issues were submitted was preferable to that insisted upon by the appellant, and certainly there was no substantial error or injury in the submission of the issues.

The appellant did take exceptions to the rulings of the court in denying his motions, at the close of the appellees' evidence and also at the close of all the evidence, to instruct the jury to find for him. So far as the first motion is concerned, it was waived by afterward introducing evidence. (*Streator Independent Telephone Co.* v. *Continental Telephone Construction Co.* 217 Ill. 577.) The motion was renewed at the close of all the evidence, but no written instruction was tendered with the motion at either time. The question whether there was any evidence fairly tending to show that the instruments produced were the last will and testament of Permelia Brown was a question of law. If it had been a question of fact the court could not have given any instruction concerning it, since the court can only instruct on questions of law. By section 73 of the Practice act courts are prohibited from instructing jurors in any case, whether civil or criminal, unless such instructions are reduced to writing, and as no written instruction was tendered with the motion, the question whether the court erred cannot be considered. *Wenona Coal Co.* v. *Holmquist,* 152 Ill. 581; *Swift & Co.* v. *Fue,* 167 id. 443; *Hartford Deposit Co.* v. *Pederson,* 168 id. 224; *Variety Manf. Co.* v. *Landaker,* 227 id. 22.

The appellant made a motion in writing for a new trial, specifying the things complained of in the argument. But

even if an exception had been saved to the overruling of
the motion, such exception is not regarded as taking the
place of exceptions on the trial. (*Illinois Central Railroad
Co.* v. *Modglin,* 85 Ill. 481.) Under the assignment of er-
ror that the court overruled the motion for a new trial it
is argued that the verdict is against the weight of the evi-
dence, but no exception was taken at the time the motion
was overruled. The record shows that the motion for a
new trial was denied and the decree was entered on the
verdict, to which action of the court in denying the motion
and entering the decree an exception was taken. As an
exception must be taken at the time of the ruling and the
exception was taken after the entry of the decree, it can
only be considered as an exception to the entry of the de-
cree. It can be said, however, with reference to this and
other matters argued by the counsel for the appellant, that
while we cannot overlook or disregard the rule established
by the legislature, the enforcement of it has not worked any
substantial wrong to the appellant.

There were some rulings on the admission of evidence
which were excepted to. Some of them related to receiv-
ing opinions of the witnesses as to the mental capacity of
the testatrix and her capacity to transact business. The
witnesses had known her for a considerable period of time
and had stated their opportunities for observation and the
facts on which their opinions were founded. In this class
of cases witnesses, after showing such facts, may give an
opinion. In the case of the attorney who drew the will
and codicil and was present at their execution, questions
were objected to on the ground that they were leading and
suggestive. The witness had already testified that the tes-
tatrix was of sound and disposing mind and memory, and
his answers to the leading questions did not add anything
to the testimony already given. It need not be said that
he needed no suggestion as to what was wanted and that
he was not aided by any. The manner in which questions

may be put to a witness is largely in the discretion of the trial court, and while some questions put to the attorney were leading in form, there was no injury to the appellant from the ruling.

A witness who had testified that she had lived in the family, assisting with the housework, for two years, up to the time of the death of the testatrix, and that witness saw nothing about the testatrix to indicate her mind was not right, was asked if she thought the testatrix could transact business. As to this question objection was made that it was leading and suggestive and not confined to any particular time. We think the question implied that it related to the time the witness knew the testatrix, and there was no substantial objection to the form of the question.

Another witness who had known the testatrix ten years said that she had no idea what her condition of mind was and had never thought about it. She was then asked what her opinion was as to how the mind of the testatrix was and whether it was all right or not. The objection was on the ground that the witness had already stated she had no impression on the subject, and the objection being overruled the witness answered that she thought the testatrix was all right; that her mind was all right; that she seemed to be a very brilliant woman and that she saw nothing indicating that her mind was not all right. It is quite evident that the first statement of the witness merely meant that she had seen nothing to call her attention to the question and had formed no conclusion because she had not given it a thought. When she was asked to form and give an opinion she gave a direct and positive one, and there was no error in permitting her to do so.

None of the rulings of the court which were excepted to would justify a reversal of the decree, and accordingly it is affirmed.                          *Decree affirmed.*