## The Illinois Central Railroad Company

*v.*

## Stephen Modglin.

1. Negligence—*comparative.* Where an employee of a railway company, while in charge of a hand-car on the track, was injured by a collision with a construction train, and it appeared he knew of the approach of the train in time to have got off the track before the accident, and had reason to know the time such train would approach, it was *held,* that his negligence was such as to preclude a recovery, and that the company was not negligent in not sounding a whistle and slackening the speed of the train, as its servants had a right to expect the hand-car would be taken from the track before it was reached.

2. Same—*neglect to give warning.* Although the law does not require a railroad train to sound a whistle or regulate its speed at a certain place, where a collision occurs, the court is inclined to hold the company guilty of negligence, if its servants knew, or had reasonable grounds to believe, there was a person on the track, or danger of a collision, and that sounding a whistle or slackening the speed of the train could have prevented the injury.

3. Exceptions — *when to be taken.* An exception to instructions can not be regarded unless taken at the time they are given. Embracing the exception in a motion for a new trial, is not considered as an exception taken on the trial.

Appeal from the Circuit Court of Union county; the Hon. Monroe C. Crawford, Judge, presiding.

Messrs. Green & Gilbert, for the appellants.

Mr. Andrew D. Duff, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was case, in the Union circuit court, wherein Stephen Modglin, plaintiff, declared against the Illinois Central Railroad Company, defendants, that, while he was using a hand-car of the defendants, and in their employment on their railroad, they, by their agents and servants, so negligently and carelessly ran and operated a construction train on the same road, the plaintiff himself using due and proper care, as

31—85th Ill.

to materially injure him, and for which he claimed five thousand dollars damages. There was a trial by jury, and a verdict rendered against the defendants for two thousand and five hundred dollars damages. A motion for a new trial, on the ground that the verdict was contrary to the law and the evidence, and that the jury were misdirected by the court, was overruled, and judgment entered on the verdict, to reverse which defendants appeal.

The *gist* of this action is, negligence on the part of the defendant corporation. It is the doctrine of this court, as well as that of other courts, that the charge of negligence must be sustained by a preponderance of evidence, and if the negligence of the plaintiff was as great, comparatively, as that of the defendants, there can be no recovery.

Two principal points are made by appellants—first, that the verdict is contrary to the evidence, and second, misdirection of the court.

As to the second point, it does not appear any exceptions were taken to the instructions of the court, at the time they were given, or at any other time, save and except that, in the motion for a new trial, one of the grounds therefor is alleged to be the misdirection of the court. It is the doctrine of this court, commencing with *Leigh* v. *Hodges*, 3 Scam. 15, and running through a course of decisions, that exceptions to the charge of the court must be taken at the trial, though they need not be written out at that time. In *Hill* v. *Ward*, 2 Gilm. 285, it was said, a party can except to the charge of the court only at the time the charge is given or refused. Embracing the exception in a motion for a new trial, is not considered an exception taken at the trial. *Dickhut* v. *Durrell*, 11 Ill. 72. We, therefore, can not consider the exceptions to the instructions.

Upon the first point, we have examined the testimony, as disclosed in the transcript of the record, with care, and can not find the least ground on which to base a charge of negligence against the railroad company or their servants, by whose act the injury is alleged to have been caused.

Plaintiff was in charge of a number of hands engaged in quarrying stone, to be placed upon the construction train charged with doing the injury, and had in his charge and under his management a hand-car, in which to transport his tools for repairs at the shop in Makanda. He knew perfectly well, when he engaged in this service, what he was required to do when he used the hand-car,—that as to trains upon the road, no matter of what description, his hand-car was subservient, and had to give the road. On this knowledge he had acted for weeks, and to make the transit safe, he took the precaution to follow freight train No. 12, which passed the quarry at 4:30 in the afternoon, and wait at Makanda until the passenger train passed town, and then follow that train back to the quarry. This he had done for weeks. Plaintiff also knew perfectly well the movements of the construction train, for it was this train his labor, and that of the men under him, was supplying. He was acting in concert with this train, which he well knew went to and from the quarry several times·in the course of a day. He knew it was the constant practice of the construction train to back into Makanda to let No. 12 go on, and to pull out of Makanda so soon as No. 12 reached that point. The hand-car, on the day of the accident, did not follow No. 12 closely, and the construction trains, as was usual with them, put out at the proper and usual time. No blame is chargeable up to this point. That train had the right to the road, and it was gross carelessness on the part of the plaintiff for him to be on the road with his hand-car, without ascertaining that the track was clear. The construction train had no right to suppose the hand-car was on the track, as it did not follow No. 12 as usual. The fault is altogether with the hand-car.

It is said no whistle was sounded, and the speed of the train was excessive. There is conflict on these points, but the law did not require this train to sound a whistle at that spot, nor did it regulate the speed of the train. But, although the law may be silent on this point, we should be inclined to hold a railroad company, knowing or having reasonable grounds to believe there is a person on the track, or danger of a collision,

guilty of negligence, if sounding the whistle or slackening the speed of the train could prevent accident. This construction train was visible by the operatives on the hand-car for more than one hundred yards, before the collision occurred, and it was but natural and reasonable for the conductor of that train to suppose the hand-car would get out of the way, as it was its clear duty to do, and could have done if they had endeavored to get it off, in the first instance, on the east side of the track. We can not, after the closest examination of the testimony, find any ground to charge defendants with negligence.

The negligence seems to be on the other side, and however much all may regret the accident, the conclusion from the testimony is irresistible, the plaintiff was the cause of the injury.

We do not deem it necessary to discuss the other point raised, as to appellee being in a common employment with the operative on the construction train, and in the same line of service. We have confined ourselves to the question of negligence, and as to that, we are satisfied the evidence greatly preponderates in favor of appellants. The verdict should have been set aside and a new trial granted. Refusing to grant a new trial was error, and for the error the judgment must be reversed, and the cause remanded.

*Judgment reversed.*