## East St. Louis Electric Street Railroad Company v. Cauley.

1. *Bill of Exceptions—Exceptions to a Motion for a New Trial.*—A motion for a new trial and the exception to the action of the court in overruling the same must be made to appear by the bill of exceptions. A statement thereof by the clerk in the judgment order is utterly value-

less. So, no exception to the action of the court in overruling a motion for a new trial is shown by the following statement in the bill of exceptions: "But the court overruled the motion (for a new trial) and rendered a judgment in accordance with the finding of the jury, to the rendition of which judgment the defendant then and there excepted."

2. *Practice—Exceptions.—Directing Motion for New Trial—Rendition of Judgment.*—The order overruling a motion for a new trial and the rendition of the judgment on the verdict are separate acts, and the fact that the two orders are in juxtaposition does not make them one and the same. If a party to a suit is displeased because his motion for a new trial is overruled he should except to the decision of the court in overruling it and not to the rendition of the judgment.

3. *Bill of Exceptions a Pleading.*—A bill of exceptions is the pleading of the party alleging the exception, and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party preparing it.

4. *Practice—Error Must be Made to Appear.*—If a litigant allege an error, he must not only make the error appear, but he must show himself in a position to take advantage of it.

5. *Practice—Exceptions Must be Taken in Apt Time.*—The reasons filed in support of a motion for a new trial may allege error in admitting or excluding evidence, and in giving or refusing instructions, but such errors can not be considered by the Appellate Court, unless the record shows that such exceptions to the ruling of the trial court were taken at the time when the evidence was admitted or excluded, or when the instructions were given or refused.

Memorandum.—Appeal from a judgment rendered by the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding. Heard in this court at the February term, 1893, and affirmed. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

Cockrell & Moyers, attorneys for appellant.

Appellee's Brief, Jesse M. Freels and A. R. Taylor, Attorneys.

A party, to avail himself of an exception to a decision of the trial court, must take the exception at the time the decision is made, and the bill of exceptions must affirmatively show that it was taken at that time. Dickhut v. Durrell, 11 Ill. 84; Allen v. Payne, 45 Ill. 339; Winslow v. Newlan, 45 Ill. 147; Dietrich v. Waldron, 90 Ill. 115; Nathan

v. Bloomington, 46 Ill. 347; T., P. & W. R. Co. v. Miller, 55 Ill. 448; Ritchey v. West, 23 Ill. 385; Hake v. Strubel, 121 Ill. 326; Parsons v. Evans, 17 Ill. 238; Swafford v. Dovenor, 1 Scam. 167; Pomeroy, etc. v. Bank of Ind., 1 Wal. 598.

The exception, to avail, must immediately follow the decision, and must be to the specific ruling.  Elliott's Appellate Procedure, Secs. 786, 787.

Exceptions are not to be taken in gross to several rulings; the exception must be taken to each ruling as it arises on the trial.   Johnson v. McColloch, 89 Ind. 273; Johnston v. Jones, 1 Black, 220; Dickhut v. Durrell, 11 Ill. 84.

· They must be taken to each ruling separately.  Walter v. Walter, 117 Ind. 249.

An exception to a ruling upon a motion for a new trial is as essential as to any other ruling.  Elliott's App. Proced., Sec. 795.

And where error is assigned to the overruling of appellant's motion for a new trial, and the record fails to show an exception thereto, no question is presented to, or before the Appellate Court.  Mansur v. Churchman, 84 Ind. 573; Henley v. McNoun, 76 Ind. 380.

The bill of exceptions is the pleading of the party alleging the exception, and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be considered most strongly against the party who prepared it.  Rogers v. Hall, 3 Scam. 6; Garrity v. Hamburger Co., 136 Ill. 514.

If it fails to show that any exception was taken to the decision of the court overruling the motion for a new trial, that decision can not be assigned for error, and the Appellate Court can not inquire into the questions attempted to be raised, or question the sufficiency of the evidence to sustain the verdict.  St. L., A. & T. H. R. Co. v. Dorsey, 68 Ill. 327; Steffy v. The People, 130 Ill. 101, 102; Reichwald v. Gaylord, 73 Ill. 505; Graham v. The People, 115 Ill. 569, 570; Cline v. T., St. L. & K. C. R. Co., 41 Ill. App. 517; Pottle v. McWorter, 13 Ill. 455; Miller v. Dobson, 1 Gilm. 572; Smith v. Kahill, 17 Ill. 69; Alley v. Limbert, 35 Ill.

App. 593; McClurkin v. Ewing, 42 Ill. 285; James v. Dexter, 113 Ill. 654; Firemen's Ins. Co. v. Peck, 126 Ill. 494.

OPINION OF THE COURT, SCOFIELD, J.

It is asserted, in appellee's brief, that no exception has been preserved by appellant to any ruling of the city court, except as to the rendition of the judgment. We have examined the record carefully and have found this statement to be absolutely true. There is no exception on the part of the appellant to any ruling of the court in admitting or excluding evidence, or in giving or refusing instructions. Neither is there any properly preserved exception to the ruling of the court in disallowing the motion for a new trial.

It has been repeatedly held that the motion for a new trial and the exception to the action of the court in overruling the same must be made to appear by bill of exceptions and that the statement thereof by the clerk in the judgment order is utterly valueless. James v. Dexter et al., 113 Ill. 654; Graham et al. v. The People, 115 Id. 566; The Firemen's Insurance Company v. Peck, 126 Id. 493; Steffy v. The People, 130 Id. 98.

The only semblance of an exception on the part of appellant to be found in the bill of exceptions is as follows:

" But the court overruled the motion (for a new trial) and rendered a judgment in accordance with the finding of the jury, to the rendition of which judgment the defendant then and there excepted."

Now the order overruling a motion for a new trial and the rendition of the judgment on the verdict are separate acts. The fact that the two orders are in juxtaposition does not make them one and the same. No motion for a new trial may be made, and yet a valid judgment may be rendered. If a party to a suit is displeased because his motion for a new trial is overruled he should except to the decision of the court in overruling his motion and not to the rendition of the judgment. The bill of exceptions is the pleading of the party alleging the exception, and, if liable to the charge of

ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party preparing it. Nothing is to be taken by intendment. If a litigant allege error he must not only make error to appear, but he must show himself in a position to take advantage of the fact. Rogers v. Hall, 3 Scam. 5; Lee et al. v. Town of Mound Station, 118 Ill. 304; Garrity v. The Hamburger Co., 136 Id. 499; Monroe v. Snow et al., 33 Ill. App. 230; Alley v. Limbert, 35 Id. 592.

In order to meet this unfortunate condition of the record, counsel for appellant boldly advance some novel propositions. They affirm that "an exception taken to the overruling of a motion for a new trial and the rendition of a judgment, preserves all of the questions set forth in the motion for a new trial." Such is not the fact in this case. As we have seen, no exception was taken to the action of the court in overruling the motion for a new trial. Such is not the law. The reasons filed in support of the motion for a new trial may allege error in admitting or excluding evidence and in giving or refusing instructions, and yet such error could not be considered by an appellate court, unless the record shows exceptions to the ruling of the trial court at the time when the evidence was admitted or excluded, or when the instructions were given or refused. Hill v. Ward, 2 Gilm. 285; Dickhut v. Durrell, 11 Ill. 72; I. C. R. R. Co. v. Modglin, 85 Ill. 481; C. P. & St. L. Ry. Co. v. Wolf et al., 137 Ill. 360.

Another novel proposition is set forth in the following words: "For this course on the part of the appellee the judgment should be reversed." The obnoxious course referred to consists in the citation of authorities to show that inasmuch as the bill of exceptions is practically a bill without exceptions, the judgment of the court below should be affirmed. In view of the fact that we agree with appellee on this point, we deem it hardly proper to punish him by reversing the judgment. The only question before us concerns the sufficiency of the judgment. No defect in the form of the judgment has been pointed out, nor has it been contended

that in the absence of error the City Court could have done otherwise than render judgment on the verdict. The judgment is affirmed.