## Granger Farwell v. Thomas Parker, Jr., Receiver, etc.

1. INSURANCE—*Mutual Fire Companies—Effect of Canceling the Policy.*—A member of a mutual fire insurance company, notwithstanding the cancellation of his policy, remains liable upon his premium note for such amounts as may be necessary to pay losses incurred prior to such cancellation.

**Assumpsit,** on a premium note. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

ISRAEL COWEN, attorney for appellant.

FARSON & GREENFIELD, attorneys for appellee, contended that the surrender and cancellation of the policy by the assured did not relieve him from liability for the losses and expenses of the company which had accrued prior to such cancellation. Burmood v. Farmers U. Insurance Co., 60 N. W. Rep. 905; Detroit M. M. F. Ins. Co. v. Merrill, 59 N. W. Rep. 661; Ionis E. & B. F. M. F. Ins. v. Otto, 56 N. W. Rep. 88; Russell v. Berry, 51 Mich. 287; Conrad v. LaRue, 52 Mich. 83; Insurance Co. v. Spaulding, 61 Mich. 80.

An insolvent mutual insurance company can not release its members from liability without actual payment of full amount of liability. Doane v. Milville Mutual M. & F. Ins. Co., 11 Atl. Rep. 739; Sands v. Hill, 42 Barb. 561; Commonwealth v. Ins. Co., 112 Mass. 116; Burke v. Smith, 116 Wall. (U. S.) 395; dissenting opinion in Hyde v. Lynde, 4 N. Y. 387.

The relation between the company and the assured for purposes of assessment is not changed by the termination of the policy. Smart v. Davis, 2 Western Law Monthly, 40.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action begun before a justice of the peace to

recover from a member of a mutual fire insurance company an assessment upon his premium note, which assessment was made on account of the insolvency of the company.

Upon appeal to the Superior Court there was a trial, jury being waived. The court found the issues for the plaintiff and assessed the damages at $134.58, and entered judgment therefor; to which the defendant excepted. The defendant then moved to set aside the judgment, which motion was overruled, and the defendant excepted.

No motion for a new trial appears to have been made.

The exception is to the entry of the judgment on the finding, or in gross; if in gross, it is improper; if to the entry of the judgment on the finding, there is nothing in the record to sustain it; there were no written pleadings and the action was certainly within the jurisdiction of a justice of the peace. True, it is urged by appellant, that, it having surrendered the policy, and the same having been canceled, its liability upon the promissory note it gave, terminated, but among the conditions of the policy issued to appellant are the following:

"Mutual Policy Conditions: The insured heretofore named, becomes a member of this company, and agrees to pay the premium annually during the life of this policy, and in addition thereto, such sum or sums, in no event to exceed in the aggregate five times the amount of said annual premium, at such time or times, in such manner, and by such installments, as the directors of said company shall assess and order, pursuant to its charter and by-laws and the laws of the State of Illinois.

The charter and by-laws of this company are hereby declared to be, and form a part of this policy, and are to be resorted to in order to determine the rights and obligations of the several parties hereto.

All contingent liability of the insured shall cease and determine upon the termination of this policy for any cause, so far as regards losses and expenses incurred subsequent to such termination, but the liability as regards prior losses and expenses shall not terminate until all assessments levied against it are paid in full."

The annual premium paid is not a complete discharge of liability; the premium note is in the nature of capital, a fund to which resort may be had if the receipts from premiums are insufficient to pay losses. Appellant, notwithstanding the cancellation of the policy, remained liable upon its note for such amount as might be necessary to pay losses incurred prior to the cancellation. There was nothing that would have justified the court in setting aside the judgment. Dickhut v. Durrell, 11 Ill. 72; East St. Louis R. R. Co. v. Cauley, 148 Ill. 490; Same v. Same, 49 Ill. App. 310.

The judgment of the Superior Court is affirmed.