Gottschalk v. Jarmuth.

---

### Fred Gottschalk v. Lissetta Jarmuth, Adm'x, Etc.

1. ABATEMENT—*Pl'as in, Must be Interposed at First Opportunity.*— Pleas or defenses in abatement must be interposed at the first opportunity in any court, whether a court of record or not.

| 69 | 62: |
| 95 | 1 9. |
| 69 | 62 |
| 111 | 2 3 |
| 69 | 62: |
| 114 | 36( |

2. OBJECTIONS—*When They Must be Made before Verdict.*—Any objection which could at the trial be removed by amendment, if made for the first time after verdict, comes too late.

**Transcript,** from a justice of the peace. Appeal from the Superior Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

GEO. F. ORT, attorney for appellant.

J. W. RICHEY, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Upon appeal by appellant to the Circuit Court from a like judgment recovered before a justice of the peace, this judgment for $200 and costs was rendered upon the verdict of a jury.

The suit was originally begun by appellee's testator, Fred Lembcke, her father, in whose favor the justice's judgment was rendered.

After the appeal to the Circuit Court the death of Lembcke was suggested and the appellee substituted as plaintiff, by stipulation of counsel.

The evidence tended to show an indebtedness of $214 (of which all in excess of $200 was waived), for brick sold and delivered to appellant by the firm of Lembcke & Wendel, of which appellee's intestate was a member, in 1889 or 1890, and that upon a partnership settlement between said partners, Lembcke paid to Wendel his share of said indebtedness and that appellant admitted the indebtedness and promised to pay Lembcke at least $200 of the amount.

The objection that Wendel was not joined with Lembcke as a co-plaintiff, was not made until on the motion for a new trial in the Circuit Court. That was too late. Pleas or defenses in abatement must be interposed at the first opportunity in any court whether a court of record or not. See numerous authorities cited in Puterbaugh's Pl. and Pr. (7th Ed.), 36. And the rule is established that any objection which

could at the trial be removed by amendment, comes, for the first time, too late after verdict. Citizens Gas Light Co. v. Granger, 118 Ill. 266.

That the last bill of particulars, stating an amount admitted by the defendant to be due and owing, was dated in 1895, was not misleading or wrong. If claimed to be so, advantage should have been taken of it in the trial court. It was competent to show an admission of, and promise to pay the indebtedness, though made while the suit was pending.

There was not below, and is not here, any defense made on the merits.

The judgment appears to have been a just one, and it is affirmed.

We do not agree with counsel for appellee that statutory damages should be given.