## William E. Webster v. William Fleming.

1. PARTIES—*In a Suit upon a Covenant.*—A covenant in a deed can not be sued upon by a person who is not a party to the deed, but the suit must be brought in the name of the person with whom the covenant is made.

2. PLEADING—*An Error Held Cured by the Finding.*—Where the original declaration is properly entitled, and the finding and judgment are in the proper title, an error in the title of an amended declaration can not have the effect of changing the true title of the suit and is cured by a finding.

3. PRACTICE—*Duty of Trial Judge as to Examination of Pleadings.*—The judge of a trial court is not called upon to examine the pleadings critically, or to notice a variance between the writ and declaration, or any other defect, unless his attention is called to the existence of the defect, in an appropriate way by counsel.

4. REAL ESTATE—*Delivery of Possession.*—Actual delivery of possession of real estate sold is not essential under the system of conveyancing in use in this State and a grantee can not set up a failure to deliver possession as a defense to a suit for the purchase money.

**Assumpsit.** Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed if a remittitur is entered. Opinion filed January 27, 1898.

JOHN M. HAMILTON, attorney for appellant.

JONES & STRONG, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This was an action assumpsit of by appellee against appellant. The declaration contained two special counts and the common count on the account stated. The special counts were substantially as follows:

That on December 17, 1890, John J. Shutterly sold and conveyed by deed to defendant five lots of real estate in Mallette & Brownell's subdivision of Auburn Park, Cook County, Illinois, and (after description of the property) the first count alleges "the said defendant undertook and then and there faithfully promised to said John J. Shutterly to pay unto the legal holders thereof at maturity said Shutterly's certain promissory notes amounting to $19,860, with interest, since September 1, 1890, among which was one certain note for the sum of $860, bearing date the 9th day of August, 1889, and payable on or before four years thereafter, to the order of Mallette & Brownell at the office of Eggleston, Mallette & Brownell, Chicago, Illinois, with interest thereon at the rate of six per cent per annum, payable semi-annually, and after maturity to bear interest at the rate of eight per cent per annum. That thereafter said note was duly indorsed by the said Mallett & Brownell, and thereupon, for a valuable consideration assigned and delivered to the said William Fleming, who is now the holder and legal owner thereof, which said note was secured by trust deed on lot 7 (one of the lots described in the deed from Shutterly to Webster), and that John J. Shutterly, confiding in the promises of the defendant, executed and delivered to defendant a sufficient deed to the said five

lots, and defendant accepted the deed and had it recorded "in and by which said deed the said defendant herein assumed and agreed to pay the said note herein described, together with the interest thereon from September 1, 1890, as part of the consideration therefor in the following words: 'Subject however, to incumbrances thereon to the amount of $19,860, with the interest since September first, 1890, which incumbrances the said party of the second part assumes and agrees to pay as a part of the above named consideration.' " That the said incumbrances consisted of notes by said Shutterly and secured by trust deeds on the lots conveyed to the amount of $19,860, and no more, and that there were no other incumbrances on said lots, whereby defendant became liable to pay said note for $860 to the legal holder thereof at maturity, and not having paid it, this suit is brought by William Fleming, plaintiff. The second count also alleges the conveyance of the five lots by deed from Shutterly to Webster and alleges that "in and by which said deed the said defendant assumed and agreed to pay the said note" (of $860, said to be owned by William Fleming), and that in the assumption clause of the deed it was expressly agreed "by the defendant with said Shutterly that said note sued on was part of the incumbrances assumed by him, and that there were no other incumbrances."

Defendant below pleaded the general issue and three special pleas. The first special plea avers that the only consideration for the assumption by the defendant of the incumbrances was, that Shutterly would convey to defendant good title to the premises, and would deliver to defendant possession thereof at the date of the deed, and that he did not deliver such possession for a period of six months after the date of the deed, to defendant's damage of $2,000, which he offers to set off, etc.

Second special plea: that by the deed defendant assumed to pay only $19,860 of incumbrances, but was compelled to and did pay a special assessment of $1,000, which was a lien on the property, and which was an incumbrance in addition to the $19,860, etc.

Third special plea: that after delivery of the deed by Shutterly to defendant, defendant conveyed to George M. Reed the property on which the $860 note was secured by trust deed, and in and by the conveyance to Reed it was covenanted that Reed should pay the incumbrances, including the $860 note, as part of the purchase money, of which plaintiff had notice, and, thereafter, accepted Reed as his debtor for the $860 incumbrance, and accepted from him payments of interest due thereon, and made arrangements with Reed to extend the time of payment of said $860 without defendant's knowledge or consent, and thereafter looked to Reed for payment, whereby defendant was released, etc.

Issue was joined on these pleas, and the cause was tried by the court, a jury being waived by agreement of the parties. The court found for the plaintiff, and assessed his damages at the sum of $1,268.98, and judgment was entered on the finding.

August 9, 1889, John J. Shutterly executed a note of that date to the order of Mallette and Brownell, for the sum of $860, due four years after date, with interest at the rate of six per cent per annum thereafter. The note contained a recital that it was secured by trust deed to Nathaniel M. Jones of real estate in Cook County, Illinois. A trust deed, of same date as the note, and to secure payment of the same, was executed by Shutterly and wife to Nathaniel M. Jones, conveying lot 7 in block 19, in Mallette and Brownell's subdivision, etc., in Cook County, Illinois. December 17, 1890, Shutterly and wife, by warranty deed of that

date, conveyed to William E. Webster the lot above described, and also lots 1 to 6, both inclusive, in the same subdivision. The deed to Webster contained the following:

"Subject, however, to incumbrances thereon to the amount of $19,860.00, with the interest since September first (1st), 1890, which incumbrance the said party of the second part assumes and agrees to pay as a part of the above named consideration, and also subject to the taxes for the year 1890, and also subject to an alley assessment of $100.00."

Shutterly, called as a witness for the plaintiff, testified that the $860 note which was introduced in evidence by the plaintiff, was the note first above described, and which was secured by the trust deed from him to Jones, and was a part of the $19,860 incumbrances mentioned in the deed from himself and wife to Webster. The $860 note was assigned to Fleming by indorsement about August 1, 1893.

Appellant, by his counsel, makes the following objections: That the suit is on the note, and not on the assumption clause in the deed from Shutterly to Webster; that Fleming, being a stranger to the deed, can not maintain the action; that if the suit is on the assumption clause in the deed, appellant can make any defense which could be made if the suit was by Mallette and Brownell, and that false representations were made by Mallette and Brownell, by reason of which appellant was induced to purchase the property, to his damage, etc.; that Mallette and Brownell accepted Reed, appellant's grantee, as their debtor, and thereby released him, and, finally, that the incumbrance of $860 is not defined in the deed from Shutterly to appellant. We disagree with counsel's contention that the suit is on the note, and not on the assumption clause of the deed. The declaration counts on the

assumption clause of the deed and avers, in substance, that the defendant thereby, viz.: by such assumption clause, undertook and promised to pay the Shutterly note. The proposition that Fleming could not maintain, in his own name, a suit on the covenants in the deed to Webster, is undoubtedly a correct legal proposition. Harms v. McCormick, 132 Ill. 104, but we do not think that appellant is in a position to avail of that objection here. It appears from the record that a precipe was filed and a summons issued July 9, 1894, returnable to the August term 1894, of the court, in which the suit was entitled William Fleming v. William E. Webster. July 27, 1894, appellee filed a declaration in which John Shutterly was named as plaintiff for the use of William Fleming, and William C. Webster was named as defendant. August 1, 1894, the precipe and summons were, by order of court, amended so as to correspond with the declaration, thus making the title of the suit Shutterly, for use, etc., v. Webster. Appellant, defendant below, not having been served with the original summons, an alias issued August 9, 1894, which was served on appellant August 17, 1894. In the alias Fleming was named as plaintiff, but this, in view of the order of August first, was a mere clerical error and could not affect the title of the suit as fixed by the prior order; and so appellant's attorneys seem to have understood, because August 30, 1894, they filed a demurrer to the declaration which demurrer was entitled William E. Webster ats. John Shutterly, for use of William Fleming. Several demurrers were sustained to the declaration, and the declaration as finally amended, named William Fleming as plaintiff and William E. Webster as defendant. It does not appear that subsequent to the order entered August 1, 1894, authorizing the amendment of the precipe and summons so as to correspond with the dec-

laration filed July 9, 1894, in which Shutterly was named as plaintiff, the court made any further order allowing any amendment changing the name of the plaintiff, so that, so far as appears from the record, the proper title of the suit when the last amended declaration was filed, October 27, 1894, was Shutterly v. Webster. This being true, the naming Fleming as plaintiff in the amended declaration was an error on the part of the pleader and could not have the legal effect of changing the true title of the suit. The case, by agreement of the parties, made in open court, was submitted to the court for trial, without a jury under the title John J. Shutterly for the use of William Fleming v. William E. Webster, and the finding of the court and the judgment were entered under that title. It does not appear from the record that counsel for appellant made any objection to the erroneous and unauthorized change of the name of the plaintiff in the amended declaration; on the contrary, they pleaded to the declaration. In practice, the judge of a trial court is not called upon to examine the pleadings critically, or to notice a variance between the writ and declaration, or any other defect, unless his attention is called to the existence of the defect, in an appropriate way, by counsel.

The original declaration being properly entitled, and the finding and judgment being in the proper title, we are of opinion that the error in the amended declaration was cured by the finding. The case on trial before the court was John J. Shutterly v. William E. Webster, the finding was in that case, and was in favor of the plaintiff, and to entitle the plaintiff to recover, the proof must have been of liability of the defendant Webster, to the plaintiff Shutterly. The intendment is in support of the finding, and the latter, if supported by the proof, cured the error in the amended declara-

tion.  1 Chitty on Pl. (9 Am. Ed.), Sec. 673 *et seq.;* Illinois Cent. R. R. Co. v. Simmons, 38 Ill. 242.

Appellant claims that he was induced by Mallette and Brownell, the payees of the note, to purchase the lots from Shutterly by representations made to him by them that Seventy-fourth street, in the city of Chicago, would be opened by them without expense to property owners; that the street was not opened, and thereby appellant was damaged.  Appellant testified that his lots were about a block from the depot (what depot he did not say), and that Seventy-fourth street, when opened, would be the only way of access from his lots to the depot.  Appellant says he, in company with Shutterly and a Mr. Lewis, went to see Mallette and Brownell before he purchased from Shutterly.  He saw and conversed with Mallette only.   What Mallette said to him, he relates as follows:   "Mallette said they owned the lots adjoining and one-half the street to be opened, and, as soon as they secured quitclaims from the other half, which were promised them, they would open this street and improve it, without any expense to the property owners."   '

Appellant offered no proof that Mallette and Brownell had ever secured quitclaims for the one-half the street which they did not own.   There was, therefore, an utter failure to prove either a breach of the alleged promise or its falsity.

The appellant introduced in evidence the following letter:

"CHICAGO, January 19, 1891.

"Mr. W. E. Webster:

"In consideration of your supposition that 74th street was dedicated when you purchased lots 1, 4, 5, 6 and 7, in Mallette & Brownell's subdivision of Mr. Shutterly, we agree to allow you and Mr. McClure, who are each assessed ($500) Five Hundred Dollars

for your respective corner lots for opening said street, four hundred ($400) each therefor out of the amount awarded to us as damages for the property taken, provided, however, we shall not allow or pay you said sum of Four Hundred ($400) Dollars each unless and until we collect the same ourselves.

"Yours respectfully;

"EGGLESTON, MALLETTE & BROWNELL."

From this letter it would appear that the city of Chicago instituted condemnation proceedings for the opening of the street, and it is a fair inference from that fact that Mallette and Brownell, who, as the owners of lots adjoining those of appellant, were interested in having the street opened, could not procure quitclaims from the owners of the one-half of the necessary ground which they, Mallette and Brownell, did not own. It does not appear from the evidence whether or not Mallette and Brownell ever collected the damages awarded them. Waiving the question whether appellant could legally claim damages in the present suit on account of the alleged representations of Mallette and Brownell, the proof, as before stated, fails to show a breach or falsity of the alleged representations. Appellant put in evidence a warranty deed of date March 12, 1891, from William E. Webster and wife to George M. Reed, conveying lot 7 in block 19, etc., in Mallette and Brownell's subdivision, which contains this provision: "Subject, however, to mortgage incumbrance of Three Thousand, Eight Hundred and Sixty ($3,860) Dollars with accrued interest. * * * Which incumbrance the said George M. Reed assumes and is to pay as a part of the consideration."

Appellant claims that the $860 note in question is included in the $3,860 incumbrances assumed by his grantee, Reed, and testified that one Williamson was

an agent of Mallette and Brownell; that he met Williamson on the street one day in the autumn of 1893, and that Williamson told him that Mallette and Brownell were going to take back the property from Reed and cancel the papers. Appellant's counsel also put in evidence a receipt from Eggleston, Mallette and Brownell, of date January 17, 1893, expressed to be for $25.80 interest to January 1, 1893, on payment for lot 7, etc. Appellant further testified that after his conversation with Williamson, Reed informed him that the negotiations with Mallette and Brownell had fallen through. No evidence whatever was offered tending to prove Williamson's authority in the premises. That this evidence fell far short of proving a release of appellant, is too plain for discussion. The objection that the assumption clause of $19,860 in the deed from Shutterly to Webster is too indefinite, and that it can not be assumed that the $860 incumbrance is included in that clause, comes with rather poor grace from appellant, in view of his claim that his grantee, Reed, is liable to pay the $860 incumbrance by virtue of his, Reed's, assumption of incumbrances to the amount of $3,860. This claim of appellant is necessarily based on the hypothesis that the last named amount is part of the incumbrances which appellant in the deed from Shutterly to him assumed to pay, and that it includes the $860 note, and such is the theory of appellant's fourth plea. The $860 incumbrance on lot 7 and the note for that amount are identified by the trust deed from Shutterly to Jones, and that incumbrance existed when the property was conveyed to appellant, and Shutterly testified that the incumbrance evidenced by the $860 note and the trust deed is included in the $19,860 of incumbrances assumed by appellant in the deed from Shutterly to him.

Appellant, while testifying, was asked whether Shutterly delivered to him possession of the premises; also

how long it was after the delivery to him of the Shutterly deed until he obtained possession, to which questions the court sustained objections, and appellant's counsel excepted. As no complaint of the ruling in this regard is made in the argument, the exceptions may be presumed to have been abandoned. We will say, however, that actual delivery of possession is not essential, under our system of conveyancing, and that as there is no evidence of adverse possession, or that appellant's grantor excluded him from possession, or of a breach of any of the covenants in the deed, the questions were irrelevant and immaterial. The plea is that Shutterly covenanted to deliver to defendant possession of the premises at the date of the deed, but the deed contains no such covenant.

The parties agree that the judgment is for $120.55 too much, a mistake having been made in the calculation of interest, and that it should be $1,148.34 instead of $1,268.89, and appellee asks leave to remit the excess, $120.55. Therefore, upon a remittitur being made by appellee within ten days of $120.55, the judgment will be affirmed. Appellant to recover his costs.

Affirmed on remittitur.