## John M. Shively v. Elmer E. McKinney.

1. APPELLATE COURT PRACTICE—*Burden of Showing Error.*—The burden is upon the party alleging error to show it affirmatively.

Assumpsit, for commissions. Trial in the Circuit Court of Piatt County, on appeal from a justice of the peace; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

LE FORGEE & LEE, attorneys for appellant.

REDMON & HOGAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant before a justice of the peace to recover for commissions, as broker, for procuring a purchaser for 160 acres of land in Iowa, and the case having been removed to the Circuit Court by appeal, a trial by jury resulted in a verdict and judgment against appellant for $150, which, by his further appeal to this court, he seeks to reverse for the alleged errors of the trial court in admitting improper evidence, the rejection of proper evidence offered by appellant, giving the jury improper instructions requested by appellee, refusing proper instructions requested by appellant, and that the verdict is against the preponderance of the evidence.

In the condition in which we find the record none of the errors, except such as call in question the rulings of the court concerning the admission of evidence, can be considered by this court. The bill of exceptions does not purport to contain all the evidence, neither is there any certificate of the trial judge contained in the bill of exceptions that the evidence therein is all the evidence in the case; and in the absence of these essential requirements, we can not determine the sufficiency of the evidence to support the verdict, but must presume there was sufficient evidence to justify the finding of the jury. This rule is so familiar that it needs no citation of authority in support of it. While the instructions of the court are fully set out in the bill of exceptions, it is not shown which of them were given at the instance of appellant, or appellee, nor does it show that any of the refused instructions were requested by appellant, thereby producing such condition of uncertainty from which it is impossible for us to determine in what manner appellant has been prejudiced by them. The burden is upon the party alleging error to show it affirmatively. Even if we could overcome this infirmity in the record, we find no exceptions by appellant to any of the instructions, nor to the rulings of the court thereon, unless we should regard the reference to them in the motion for a new trial, and the ruling of the court thereon, as a sufficient exception and ruling of the court, but we are denied the right to do this, for it has been held that embracing the instruction in a motion for a new trial is not considered an exception taken at the trial. Dickhut v. Durrell, 11 Ill. 72; I. C. R. R. Co. v. Modglin, 85 Ill. 481.

Upon the trial appellant contended that the purchaser for the lands was obtained by Haney, and not by appellee. Appellee had given in evidence only his relations with appellant, upon which he based his right of action. The rejected evidence referred alone to the relations of appellant and Haney, and in no way was responsive to the case made by appellee, and it was therefore immaterial and not pertinent to the issue, and there was no error in refusing to admit it.

No error appears in the admission of evidence on the part of appellee.

Finding no error in the record the judgment of the Circuit Court will be affirmed.