# Indiana, Decatur and W. Ry. Co. v. S. P. Cohoon, use of, etc.

1. PRACTICE—*Exceptions to Technical Errors.*—When a party fails to call the attention of the trial court to a technical error in the form of a judgment which in no way affects the merits of the controversy the judgment will not be reversed for such error; so where a judgment was rendered in favor of the usee instead of the nominal plaintiff.

2. SAME—*Exceptions Must Be Preserved in a Bill of Exceptions.*— Where a party moves for a continuance and his motion is overruled, unless the bill of exceptions shows an exception taken by him to the overruling of such motion, the action of the trial court upon such motion is not open for review in the Appellate Court. A note by the clerk of the trial court, in the record, of such exception, is not a part of the record proper and is not sufficient.

3. SAME—*Exceptions Necessary—Rule Inflexible.*—The rule is inflexible, that without an exception preserved in the bill of exceptions, no ruling, however improper, that does not relate to the pleadings or appear on the face of the judgment, can be reviewed in an appellate tribunal.

4. SAME—*When a Plea in Abatement Comes Too Late.*—Pleas in abatement are dilatory pleas and must be filed at the earliest practical moment. Such a plea, after a motion for a continuance is overruled, comes too late.

**Assumpsit**, for material furnished. Appeal from the Circuit Court of Jasper County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

FITHIAN & KASSERMAN, attorneys for appellant; R. D. MARSHALL, of counsel.

DAVIDSON & ISLEY, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This was an action brought by S. P. Cohoon for the use of T. C. Whitmarsh against appellant, before a justice, February 23, 1900, for material furnished to appellant. Judgment was rendered against appellant on default, for $104.17 on February 28, 1900, from which an appeal was taken to the Circuit Court. On February 13, 1900, appel-

lant was garnisheed at Indianapolis, Indiana, as the debtor of Cahoon in an attachment suit. On February 19, 1900, appellant answered in the garnishment proceeding stating that it owed Cohoon $96.07 for ties, and that Whitmarsh claimed the amount by assignment. The attachment suit in Indiana not having been disposed of when the trial of this cause came on in the Circuit Court, appellant moved for a continuance. The motion was overruled. The defendant then pleaded orally the attachment suit in abatement but the court refused to entertain the oral plea. Leave was then given defendant to file a written plea in abatement. After the plea was filed by leave of court, the plaintiff moved to strike the same from the files, which motion was allowed and the plea stricken from the files. A jury being waived, trial was had by the court, which resulted in judgment in favor of T. C. Whitmarsh personally, for $104.17, and not in favor of S. P. Cohoon for the use of T. C. Whitmarsh. At the trial an agreement between Whitmarsh and Cohoon was introduced in evidence by the plaintiff, under which Cohoon was to do all work concerning lumber, ties and piling, such as buying timber, hiring hands, ship, bill it out or sell it, then turn over to Whitmarsh an order for the full amount sold or shipped; Whitmarsh to pay all help and accounts, the balance to be equally divided, the goods to be the property of Whitmarsh after they were loaded on the cars.

Appellant urges error because the judgment is in favor of Whitmarsh, the usee, instead of Cohoon, the nominal plaintiff. From the bill of exceptions it appears that appellant excepted to the finding and judgment without specifying any reason for the exception. The court erred in rendering the judgment for Whitmarsh, the usee, instead of for Cohoon, the nominal plaintiff. This was a technical error that no doubt would have been corrected if attention had been called to it. When a party fails to call the attention of the trial court to a technical error in the form of a judgment, which in no way affects the merits, the judgment will not be reversed for such error. Bowden v. Bowden, 75 Ill. 111; Mutual Acc. Assn. v. Froiland, 161 Ill. 40.

Appellant moved in the Circuit Court for a continuance, filing an affidavit in support of the motion, which motion was overruled. The bill of exceptions shows no exception taken to the overruling of this motion, nor the affidavit in support of the motion. Such motion and exception taken, although noted by the clerk in the record, is no part of a record, and not being presented in the bill of exceptions, is not before this court for review.

"The rule is inflexible, that without an exception preserved in the bill of exceptions, no ruling, however improper, that does not relate to the pleadings, or appear on the face of the judgment, can be reviewed in an appellate tribunal." Kennedy v. I. C. R. R. Co., 68 Ill. App. 602; City of Rock Island v. Riley, 26 Ill. App. 172; Martin et al. v. Foulke et al., 114 Ill. 206.

After appellant's motion for continuance was overruled, a plea of abatement was filed, which, on motion of appellee, was stricken from the files. The plea came too late. It was a dilatory plea and should have been filed at the earliest practical time. Holloway v. Freeman, 22 Ill. 201; Gottschalk v. Jarmuth, 69 Ill. App. 623.

It is urged that the evidence does not support the finding of the court. Whitmarsh was asked what amount appellant owed him for his ties. He answered $104.17. The answer was evidently incorrect, as he had previously stated the number of ties furnished, and introduced an order for $95.17 on the company for their payment, thus fixing the amount due for ties at $95.17. But both in his examination in chief and in his cross-examination, he stated that there was something due for piling, and in both examinations fixed the total amount due at $104.17. We think especially, as there is no counter-evidence as to the total amount due, that this statement as to what was due for ties should be taken in connection with his statement that there was something also due for piling, and that the evidence warranted the court in finding the amount to be $104.17.

Judgment affirmed.