## Hadley W. Smith v. Chicago City Ry. Co.

|107    177|
|114    219|

1. PRACTICE—*Exceptions to Rulings of Trial Court Must be Preserved.*—Where objections are not made or exceptions preserved to the giving of instructions, errors contained in them are not open to consideration in this court.

2. NEGLIGENCE—*Negligence and Due Care Are Questions for the Jury.*—Questions of negligence and due care are for the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

This was an action for damages by appellant begun before a justice of the peace of Cook county. The justice rendered a judgment against the appellant. On appeal to the Circuit Court there was a trial before a jury and a verdict and judgment for the defendant.

Appellant, September 1, 1897, was engaged in teaming. That day a street car propelled by electricity, going north in Clark street, struck his wagon, which was being driven west in Eighteenth street and across Clark street. The wagon was loaded with iron castings, for boiler heads, which weighed four or five tons. The force of the collision, it is said, broke the front end of the car and the castings on the wagon. Appellant paid what it cost to repair them, viz., $101.01. This was the chief damage sustained by the collision, the damage to the wagon amounting to but one dollar.

There are two street car tracks in Clark street running north and south, and two tracks running east and west in Eighteenth street.

The team and wagon as it approached Clark street was in the north track of Eighteenth street, moving about two miles an hour. The driver testified he heard no noise as he approached Clark street, and cleared the telegraph poles before he could see to the south, and that his team was just about on the first rail when he saw the car. It was coming

from the south about 200 or 250 feet away. The motorman, when about 100 feet away, whistled and started to turn on the brake. The motorman testified that the wagon was about twenty feet east of the track when he first saw it, the horses going in a good walk. The car was about sixty-five feet south of Eighteenth street, going about eight or ten miles an hour. He rang the bell and "hollered at him when I seen he was not going to stop, and tried to stop the car; throwed off the power and applied the brakes and then hollered to this man. The driver kept right on driving. Hit the front wheels of the wagon. Driver jumped off, I guess."

OTTO GRESHAM, attorney for appellant.

P. H. BISHOP, attorney for appellee; M. B. STARRING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought in this action to recover damages alleged to have been done to property in charge of appellant's teamster for transportation, by collision with an electric car.

Objection is made that the court excluded certain evidence offered in behalf of appellant. It was sought to show that the crossing over Clark street at Eighteenth street from the south to the west side, was the only one available between Twelfth and Twenty-second streets. The evidence was excluded, the court stating that the only question was which of the parties was responsible for the accident. It is argued in behalf of appellant that if there were no other such crossings, appellee was required to exercise more care at that one. We find no error in the action of the trial court. The question was not whether more care relatively was required at that crossing than others, but whether appellee was, under all the circumstances, guilty of negligence or a want of due care, which caused or contributed to the collision, and upon that question no material light would have been thrown, so far as we can perceive, by testimony of the character referred to. There is

another ruling of the court assigned as error, to which no exception is preserved, and which is not therefore open to our consideration. We do not find, however, anything erroneous in that ruling. The question which was ruled out called for an answer clearly immaterial.

Complaint is made of certain instructions given on behalf of appellee. Our attention, however, is called by the latter's attorney to the fact that the record fails to show any objection made or exception preserved to the giving of any of the said instructions. The alleged errors are not therefore open to consideration here. Indiana, D. & W. Ry. Co. v. Cohoon, 95 Ill. App. 92–94, and cases cited. We may say, however, that our attention has not been specifically called to any particular error alleged to be contained in the instructions referred to. It may be conceded that a street car has no exclusive right to a street and that a wagon may have equal rights. But the inquiry in the case at bar was whether the driver of the wagon used reasonable care under the circumstances in attempting to cross in front of the approaching car, and whether the driver of the car also used reasonable care under the circumstances to regulate or moderate its speed in order to avoid the collision. These were questions of fact for the jury. It does not appear that the jury was not correctly instructed as to the law applicable, and no reason is discoverable why their finding of the facts should not be regarded here as final.

The judgment of the Circuit Court must be affirmed.