## J. H. Edwards v. Harry S. Warner.

### Gen. No. 4174.

1. RULES OF TRIAL COURT—*when regarded on appeal.* The rules of the trial court will not be regarded on appeal, unless they are before the court in the particular record involved.

2. RECORD—*effect of clerk's recitals in.* The recital of the clerk that a particular day was the second day of the term does not control. (See reporters' note at conclusion of case.)

3. IRREGULARITIES—*what cured after default.* After the entry of a default which is permitted to stand by the defendant without motion to set it aside, a lack of entire identity between the name of the plaintiff, as contained in the process, default and judgment, and as contained in the declaration, will be cured.

Trespass on the case. Error to the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

RAYMOND & NEWHALL, for plaintiff in error.

RUSHTON and KENYON, for defendant in error.

MR. JUSTICE FARMER delivered the opinion of the court.

This suit was begun in the Circuit Court of Kane County by the plaintiff in that court against the defend-

ant for malicious prosecution. A praecipe, in the name of Harry S. Warner, as plaintiff, was filed August 18, 1902, and a summons issued August 19, 1902, returnable to the September term, in the same name as plaintiff, and served on the defendant August 23, 1902. No declaration was filed until the 31st day of October, 1902, which was after the beginning of the September term. The November term of the Kane County Circuit Court began November 17, and on the 19th the defendant, having failed to appear and plead or demur, was defaulted. The November term of court continued beyond the 15th day of January, 1903, and on that date the court heard the testimony offered and assessed the plaintiff's damages at $700, and rendered judgment against defendant therefor, and for costs, and a writ of error is prosecuted to this court to reverse that judgment. There is no bill of exceptions in the record, and the grounds relied upon by plaintiff in error for reversal, are:

First. That a default was entered on the second day of the November term, contrary to the rules of the court, which, it is said, provide that defaults shall not be entered until the third day of the term.

Second. The declaration is in the name of H. S. Warner, as plaintiff, while the process, default and judgment are in the name of Harry S. Warner, as plaintiff.

With reference to the first objection, the rules of the Circuit Court of Kane County are not before us in this record, and we cannot know what they are. But if they were before us, we think this objection untenable because it appears from the record that no default was entered until the third day of the November term. That term began November 17, and the record shows that the default was entered November 19, which was the third day of the term. There is a recital in the record by the clerk that the 19th was the second day of the term, but this cannot control, and was evidently a mistake on his part.

With reference to the second proposition, no motion was made by plaintiff in error to set aside the default, although he had from November 19, 1902, to January 15, 1903, in

which to do so. Had he done this, opportunity would have been afforded to cure the alleged defects. Having chosen not to do this and permitting final judgment to be rendered, the alleged defects were thereby cured. This is abundantly sustained by authority. Sec. 6, Amendments and Jeofails, Starr & C. Stat.; Sidway v. Marshall, 83 Ill. 438; C. R. I. & P. Ry. Co. v. Clough, 134 Ill. 586; C. & A. R. R. Co. v. Heinrich, 157 Ill. 388; Webster v. Fleming, 73 Ill. App. 234; Gottschalk v. Jarmuth, 69 Ill. App. 623.

Finding no error the judgment is affirmed.

*Affirmed.*

REPORTERS' NOTE.—Rules of court are not judicially noticed. Kessel v. O'Sullivan, 60 Ill. App. 548. Their existence must be proved by the record thereof. Roby v. Title Guarantee and Trust Co., 166 Ill. 336; Davis v. The Northwestern Elevated R. R. Co., 170 Ill. 595. Their non-existence must be proved by the testimony of the clerk. Hughes v. Humphreys, 102 Ill. App. 194. Rules of court may be adopted by the joint act of the judges. Gage v. Eddy, 167 Ill. 102. When properly adopted and entered of record they become laws of procedure which the adopting court is bound to obey. Gage v. Eddy, 167 Ill. 102; Klinesmith v. Van Bramer, 104 Ill. App. 384.